NEWTON NICHOLS, Respondent, v. JOHN ENGLER et al., Appellants.

Kansas City Court of Appeals, February 6, 1899.

Appellate Practice: FILING BILL OF EXCEPTIONS: EXTENSION OF TIME. The record should show when the bill of exceptions was filed, when the time for filing was extended, and that when re-extended the first extension had not expired.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

CHASE, LESLIE & FONTRON, for appellants, filed brief on merits.

COOK & GOSSETT for respondent.

The abstract of record fails to show even judgment sought to be reversed or when the motion for new trial was overruled, and fails to show that the court, at the term when motion was overruled, gave definite time thereafter to file a bill of exceptions, or within such time gave an extension, or that the bill was ever filed within such or any other time. There is nothing in the printed abstract to show what the judgment is which they are asked to reverse, except that some judgment was rendered in favor of plaintiff and against defendants. The appeal should be dismissed on this record, and respondent now moves this court so to do. R. S. 1889, sec. 2553; Mason v. Pennington, 53 Mo. App. 118; Webster Co. v. Cunningham, 101 Mo. 642; Dry Goods Co. v. Brown, 73 Mo. App. 245.

Grandy v. Campbell.

ELLISON, J.—This action is for conversion. Judgment below was for plaintiff.

The appeal taken in this case is by the short method and there is nothing in the record as shown by the abstract to show when the motion for new trial was overruled. There is nothing in the record or abstract to show when the bill of exceptions was filed. The record as copied in the abstract shows the court gave defendant time within which to file his bill of exceptions, but does not show when this was done, or what time was given. The record as shown in the abstract shows that the time was extended, but does not show when it was extended. It shows the signing and sealing of the bill of exceptions, but does not show when it was done.

These matters are fatal to the bill of exceptions.

The record should show when the bill of exceptions was filed. It should appear when the time was extended and when re-extended that the first extension had not expired. This need not be stated in words, but the dates should show it.

It follows that we must reject the bill of exceptions, which leaves nothing but the record proper before us. An examination of the latter does not disclose any error and the judgment will therefore be affirmed. All concur.