MARY E. BOOTHE et al., Respondents, v. CITY OF FULTON, Appellant.

Kansas City Court of Appeals, June 4, 1900.

1. **Municipal Corporations: WATERWORKS: ELECTRIC LIGHTS: PLEADING.** The power conferred upon a municipal corporation, to provide water for its inhabitants and to light streets, is of a proprietary character for private advantage, and in operating plants for such purposes the municipality is entitled to all the rights and subject to all the liabilities that at common law attach to a natural person. The petition summarized in the opinion states a cause of action.

2. **Appellate Practice: BILL OF EXCEPTIONS: FILING: MATTERS OF REVIEW.** The abstract of the record should show that a bill of exceptions was not only allowed but also filed, otherwise the appellate court can only review the record proper.

Appeal from the Callaway Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*I. W. Boulware* for appellant.

The demurrer to plaintiffs' amended petition should have been sustained. The petition does not state facts sufficient to constitute a cause of action against the city of Fulton. It is conceded that the special charter enacted in 1859, incorporating defendant, did not empower or authorize the city of Fulton to erect and operate water and electric plants, especially for private purposes and uses. If such power and authority were conferred by ordinances, they should be pleaded in full or their purposes and provisions substantially stated—at least the number and date of their passage. The petition wholly fails to state wherein the

plants were created or operated improperly, carelessly or negligently. Moberly v. Hogan, 131 Mo. 19; Keane v. Klausman, 21 Mo. App. 485; State ex rel. v. Sherman, 42 Mo. 210; Givens v. Van Studdiford, 86 Mo. 149; Field v. Railroad, 76 Mo. 614.

*A. Finley* and *D. P. Bailey* for respondents.

(1) It is not necessary that the ordinances should have been so set out. The charter under which appellant was and is acting is a special charter granted March 14, 1859. Acts 1858-9, p. 264, in which act it is declared in sec. 28, that the same is a public act, and receivable in evidence without further proof or pleading. Also, the general laws of the state authorizing the erection of these public works (Acts 1891, p. 67; Acts 1895, p. 65), hence these improvements. In such cases the ordinances need not be recited in the petition. It is sufficient if they be proven on trial. State ex rel. v. Sherman, 42 Mo. 214. (2) This is a suit *ex delicto* and it is wholly immaterial whether the city of Fulton acted under legal authority or not. If it had the authority it is liable for any special and peculiar damages resulting to plaintiffs. If the city had no such authority, still it is liable, as is admitted by counsel. This is not a suit *ex contractu*, in which the validity of city ordinances might be investigated. (3) The city, however, did have the legal authority to erect and operate these plants under its special charter and under the general laws of the state and the city's ordinances (subject however, to such damages as private parties might suffer). See Charter, Session Acts 1858-9, p. 264; Acts 1891, p. 67, and Acts 1895, p. 65.

SMITH, P. J.—The petition amongst other things alleged: (1) that the plaintiffs were the owners of a certain lot in the defendant city on which there was a dwelling

house; (2) that the defendant, a municipal corporation, existing under a legislative charter granted March 14, 1859, negligently constructed and maintained on a lot adjoining that of plaintiffs on the south, an electric light and water plant, using and operating large furnaces, boilers, engines, pumps, dynamos, stand-pipes and water reservoirs, and that by reason of such negligent construction and maintenance of said electric and water plant, furnaces, etc., used therein, great quantities of water overflowed and leaked from said reservoirs, stand-pipe and boiler, and flowed down upon and across the plaintiffs' lot and upon and across the street in front thereof, and across the alley in the rear thereof, thereby rendering said lot unfit for residence purposes or cultivation; (3) that the furnaces generated great quantities of dense smoke, cinders, dust, ashes, soot and other noxious and deleterious substances, and discharged the same upon and in the plaintiffs' said dwelling house and the belongings therein, as well as upon the grass and foliage of every description growing on said lot, causing the same to wither and die; (4) that said engine discharged great quantities of steam and vapor impregnated with noxious oils and gases, over, around and upon the said dwelling, rendering the same unfit for use; (5) that the continuous clatter and noises made by the running of said engines, pumps and dynamos was so great in said dwelling that one's voice, speaking in an ordinary tone, could scarcely be heard and rendering quiet sleep impossible, whereby said dwelling and premises were rendered worthless as a place of residence to the damage, etc.

To this petition the defendant demurred in the court below on the ground that it did not state facts sufficient to constitute a cause of action, and being there overruled the objection so taken is renewed here.

It is a sufficient answer to the defendant's objection to the plaintiffs' petition to say that the power conferred upon

the defendant by the statute to provide water for its own use and that of its inhabitants and for lighting its streets, parks and public buildings. is of a proprietary or private character conferred upon it for private advantage. The general public of the state at large had no interest either in the defendant's electric light or water plant. The defendant as owner and operator of the said electric light and water plants was entitled to all the rights and subject to all the liabilities that would attach at common law were it a private corporation or natural person. In the recent case of Bullmaster v. City of St. Joseph, 70 Mo. App. 60, the question raised by the demurrer here was there fully considered, and decided adversely to the demurrant. See, also, Whitfield v. Carrollton, 50 Mo. App. 98; Ivie v. McMunigal, 66 Mo. App. 437; McKenna v. St. Louis, 6 Mo. App. 320; Kirchgraber v. Lloyd, 59 Mo. App. 59; Murphy v. Gillum, 73 Mo. App. 487; Schoen v. Kansas City, 65 Mo. App. 135; Donahoe v. Kansas City, 136 Mo. 657.

The petition, we think, is not subject to the objection urged against it, and as the abstract does not show that the evidence taken at the trial, or, the instructions, or, the rulings of the trial court thereon, or, the exceptions taken thereto, were preserved by bill of exceptions, we can not notice the points of objection urged by the defendant relating to the admission and rejection of evidence and the giving and refusal of instructions. The abstract of the record fails to show, as it should, that a bill of exceptions was not only allowed but that it was filed. Nichols v. Engler, 78 Mo. App. 501; Bank v. Darnell (decided by us at present term).

As there is no error apparent upon the face of the record the judgment will be affirmed. *Ellison, J.*, concurs; *Gill, J.*, absent.