M. SHOENBERG, Appellant, v. STANLEY M. HEYER et al., Respondents.

| | |
|---|---|
| 91 | 389 |
| 92 | 371 |
| 91 | 389 |
| 95 | 313 |
| 171s | ¹267 |

**Kansas City Court of Appeals, January 6, 1902.**

1. **Taxbills:** COMPLETION OF CONTRACT: SUBSTANTIAL DEPARTURE. Where there is a substantial departure in completing a contract for paving a street within the contract time, the taxbills issued for such paving can not be collected.

2. **Appellate Practice:** STARE DECISIS. When a question has been carefully considered in a Court of Appeals and the ruling thereon has been approved by the Supreme Court and the other Court of Appeals, it is regarded as settled.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*E. Wright Taylor* for appellant.

(1)    The refusal of instruction No. 3 asked by plaintiff and the giving of instructions Nos. 2 and 6 for defendants was error.    Sheehan v. Owen, 82 Mo. 458; Cole v. Skrainka, 105 Mo. 303; Steffen v. Fox, 124 Mo. 630; Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Saxton Nat. Bank v. Landis, 54 Mo. App. 315; McEvilly v. Knott, 49 Mo. App. 612; City of Springfield v. Davis, 80 Mo. App. 574.    (2)    The giving of instructions Nos. 3 and 5 for defendants was error.    Kiley v. Cranor, 51 Mo. 541; Weber v. Schergens, 59 Mo. 389; Construction Co. v. Loevy, 64 Mo. App. 430; Prendergast v. Richards, 2 Mo. App. 187.    (3)    The giving of instruction No. 4 for defendants was error.    McQuiddy v. Vineyard, 60 Mo. App. 610; Kefferstein v. Knox, 56 Mo. 186.

*C. W. Chase* and *E. W. Shannon* for respondents.

(1)    The ability of the city to create a lien on the property of the citizen, in the manner pointed out in the ordinance, rests exclusively in adhering to the method prescribed by ordinance, in pursuance of the authority contained in the charter. Kiley v. Oppenheimer, 55 Mo. 374; Cole v. Skrainka, 105 Mo. 303; Pepper v. Phila., 114 Pa. St. 112; Fruin Construction Co. v. Geist, 37 Mo. App. 509; Leach v. Cargill, 60 Mo. 316.    (2)    By signing the contract, with full knowledge of its conditions, the contractor, James O'Connor, created by such voluntary act a duty or charge upon himself to complete the work provided for within ninety days after the same "bound and took effect," and he must be held answerable for any default.    Like any other prudent contractor he might have provided against it in express terms, but the evidence is that he did not.    Hall v. School Dist., 24 Mo. App. 213; Phila. v. Jewell, 135 Pa. St. 338.

ELLISON, J.—This action is based on special taxbills issued to plaintiff's assignor for street paving in Kansas City, Missouri. The ordinance and contract thereunder provided that the work should be completed within ninety days from the time the contract took effect. The evidence shows that the work was not completed in the time limited. Plaintiff concedes that there was a failure in point of time of from two to three weeks, but contends that there was a substantial performance. We do not so consider it. Such departure in point of time was a substantial departure and it prevents a recovery on these bills, under repeated rulings of the Supreme Court, this court and the St. Louis Court of Appeals.

When a question has been several times carefully considered in this court and the rulings have been approved by the Supreme Court and the St. Louis Court of Appeals, it ought to be considered as settled. We have examined the entire record in this cause and find that the judgment must necessarily be for the defendant, and it is accordingly affirmed. Neill v. Gates, 152 Mo. 585; Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; New Eng. Safe D. v. James, 77 Mo. App. 616; Ayers v. Schmohl, 86 Mo. App. 349. All concur.