P. J. HUGHES, Respondent, v. ALEX. HENDERSON, Appellant.

Kansas City Court of Appeals, June 9, 1902.

1. **Appellate Practice:** BILL OF EXCEPTIONS: ORDER OF RECORD. No bill of exceptions can be noticed by the appellate court unless the abstract shows an entry on the record ordering its filing; the bill can not prove itself.

2. **Trial Practice:** APPEALS: ORDER. An order granting an appeal should designate to what court the appeal is taken.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover, Judge.*

STRICKEN FROM DOCKET.

*F. W. Gifford* for appellant.

Filed brief on merits.

*Meservy, Pierce & Gesman* for respondent.

SMITH, P. J.—The plaintiff has filed a motion to dismiss the appeal, alleging therefor the following grounds, to-wit: (1) That abstract of the record filed by the defendant nowhere shows that a bill of exceptions was filed in the cause (2) nor that an order was made granting an appeal in the cause.

An examination of it has failed to disclose an entry in the record proper showing that the bill of exceptions was filed. It is true that in the concluding part of the bill it is stated that the "defendant prays the court to settle and allow his bill of exceptions and that the same may be signed, sealed and made a part of the record in the cause, which is done accordingly," but this is no statement that the bill was filed nor would it help the defendant out of his predicament if it did so state, for it has been repeatedly ruled that such a bill can not prove itself by the statements made therein. We will restate what we have heretofore so often stated, and that is, that no bill of exceptions can be regarded as valid, or noticed by us, unless the abstract shows an entry on the record proper ordering it to be filed. Westheimer v. McInerny; Upton v. Castleman; Albin v. Railway; C. H. Nold Lbr. Co. v. Easton; Adams v. McCormick Harvesting Co.; Schoenberg v. Heyer, 91 Mo. App. 389; Hill v. Combs, (not yet reported); Harmon v. Iden, 88 Mo. App. 314; Goodson v. Bevan, 89 Mo. App. 162; Bates v. Ruth & M. R. Co., 88 Mo. App. 550; Burdick v. Security Life Assn., 86 Mo. App. 94; Roush v. Cunningham et al., 163 Mo. 173; Storage Co. v. Glasner, 150 Mo. 426; Ricketts v. Hart, 150 Mo. 64; Boothe v. Fulton, 85 Mo. App. 16; Nichols v. Engler, 78 Mo. App. 501; Well v. Estes, 154 Mo. 291; Butler County v. Graddy, 152 Mo. 441.

It is in effect conceded that the judgment is in form the same as that in Forsee v. Gates, 89 Mo. App. 577. Such a judgment is insufficient to confer jurisdiction on this court. The precise point was raised at

the present term in Schestedt v. Kansas City, and ruled as in Forsee v. Gates. It results, therefore, that we are without jurisdiction of the appeal.

Were it not for this imperfection in the record, we would have jurisdiction of the appeal, notwithstanding there is no bill of exceptions, and we could notice errors, if any there be, appearing upon the face of the record proper, but since, owing to the defective order of granting the appeal we have no jurisdiction of such appeal, we must order the cause stricken from the docket. All concur.