JOUETTE M. REDD, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, December 3, 1906.

1. **APPELLATE PRACTICE: Abstract: Record Proper: Dismissal.** An abstract which fails to show the proper record entries of the filing of the motion for new trial, granting of leave to file bill of exceptions and extension of time therefor, and filing of the bill and granting of the appeal and the verdict and judgment, is fatally defective and a motion to dismiss will be sustained where the errors assigned do not relate to the record proper.

2. ———: **Rule 15: Defective Abstract: Amendment.** An appellant served his abstract on the 10th day of September and the respondent on the 20th served his motion to dismiss the appeal because of the defects of the abstract and filed the same on the 26th. On the 28th the appellant without leave of the court filed an additional or supplemental abstract correcting the errors mentioned in the respondent's motion to dismiss. *Held*, the motion to dismiss must be sustained since the respondent had a right to rely upon the abstract as presented and had gone to the expense of making and filing his motion and brief in support thereof. It is further held the court may in its discretion and for good cause permit the filing of a supplemental abstract to cure the defects in the original abstract.

3. ———: ———: ———: ———. Mere oversight is insufficient to secure leave of the court to file supplemental abstract. There must be a showing of reasonable efforts to comply with the statute and the court rules.

4. ———: ———: ———: ———. However much an appellate court may dislike to wreck a meritorious case because of failures to comply with the rules of proceeding, such rules may not be ignored with impunity and the frequency of defective records necessitates a reiteration of the necessity of compliance with the rules.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

APPEAL DISMISSED.

*H. C. Wallace* and *Clarence Vivion* for appellant.

(1) It is respectfully submitted that the abstract of record shows a full compliance with the law and the rule of this court.

*W. H. Chiles* and *Scott & Bowker* for respondent.

(1) Where no error is assigned on the record proper, and the abstract of the record fails to show a bill of exceptions was filed, though there is a recital of its filing in the bill itself, nothing is presented for review. Scott v. Express Co., 116 Mo. App. 174; Kampf v. Transit Co., 102 Mo. App. 314; Bates v. Realty Co., 88 Mo. App. 550; Wilson v. Railroad, 167 Mo. 323; Hayden v. Grocery Co., 88 Mo. App. 241; Lucas v. Huff, 92 Mo. App. 369; Jordan v. Railway Co., 92 Mo. App. 81; Lawson v. Mills, 150 Mo. 428; Butler Co. v. Grady, 152 Mo. 441; Hughes v. Henderson, 95 Mo. App. 312. (2) The record proper must show the following jurisdictional facts, before the appellate court will consider any errors outside of the record proper: (a) Verdict, and judgment rendered thereon. (b) Filing of motion for new trial. (c) Ruling thereon and exception. (d) Granting of the appeal. (e) Leave to file bill of exceptions. (f) The extending of the time for filing bill of exceptions. (g) Filing of the bill of exceptions. State ex rel. v. Holland, 116 Mo. App. 345; Hill v. Combs, 92 Mo. App. 242; Jackson v. Ferguson, 76 Mo. App. 270. (3) Where a judgment is for the right party, it will be affirmed, no matter what errors were committed in the trial. Foster v. Railroad, 112 Mo. App. 67.

JOHNSON, J.—This cause is here on the appeal of plaintiff from a judgment entered for defendant in the circuit court on the 18th day of August, 1903. The hearing in this court was set to occur on Monday, October 1, 1906. Three days before that date, appellant filed his abstract of record and brief, service of which had been acknowledged by respondent on September 10th, twenty days before the hearing. On September 20th, appellant acknowledged service of a motion to dismiss the appeal and a brief in support thereof, which respondent filed on September 26th. The grounds on which the motion is made are these: that the abstract of record filed by appellant does not show the filing of a motion for a new trial; the granting of leave to file a bill of exceptions; any orders extending the time to file bill of exceptions; the filing of the bill; the granting of an appeal; the verdict and the judgment. On September 28th, appellant filed what purports to be a supplemental abstract of record in which he endeavors to cure the defects in the original abstract pointed out by the motion to dismiss, by setting out the necessary record entries. In addition to producing those relating to the verdict, judgment, motion for a new trial and appeal, it is shown that leave was given appellant to file a bill of exceptions on or before the 2nd day of the December, 1903, term of the circuit court and that numerous orders, sixteen in all, were thereafter made extending the time for filing the bill, the last one being dated August 6, 1906. The bill was filed on August 20th, within the time fixed by that order. No leave was obtained from this court for the filing of the supplemental abstract. The appeal was brought here by the short form.

The original abstract of the record is defective in the particulars enumerated in the motion to dismiss and in some others not mentioned therein. None of the errors assigned relates to the record proper and on motion respondent was entitled either to a dismissal of the ap-

peal or to an affirmance of the judgment. [Cummings v. Eiler (not yet reported); Everett v. Butler, 192 Mo. 564; St. Charles ex rel. v. Deemar, 174 Mo. 122; Williams v. Harris, 110 Mo. App. 538; Kampf v. Transit Co., 102 Mo. App. 314; Hughes v. Henderson, 95 Mo. App. 312.]

But appellant, in his plea that "common justice may be done," asks us to brush aside technical rules and to consider the cause on the original and supplemental abstracts. Waiving the point made by respondents that none of the proceedings at the trial is before us for review because appellant has failed to show in either abstract the saving of an exception to the order overruling the motion for a new trial, we will assume for the purposes of appellant's request that the supplemental abstract considered in conjunction with the original abstract presents all of the record facts essential to the consideration of the case on its merits.

Rule 15 of this court, which follows the provisions of section 813, Revised Statutes 1899, required appellant to serve respondent at least twenty days before the cause was docketed for hearing with a printed copy of an abstract of the record, etc. Appellant failed to comply with this rule so far as his purported abstract relates to the proceedings at the trial and subsequent thereto and did not bethink himself to correct the manifest errors of his abstract until after respondent had incurred the trouble and expense of preparing and filing its motion. Finding the abstract in such condition, respondent was under no duty to meet the case in any other aspect than that presented by his opponent and it would be unjust to him to hold that appellant three days before the hearing could confront him for the first time with an entirely different case from that made out in the original abstract when the rule under consideration is designed to give the respondent twenty days before the hearing in which to prepare himself to meet the issues

on which the cause is to be submitted. We are not holding that we will not permit an appellant, on good cause shown, to amend his abstract at any time before the submission of the case under terms that will protect the rights of the respondent. But the granting of leave to amend in such cases is within our discretion and we will not exercise that discretion to aid an appellant except in cases where it appears that some good reason exists for the omission in the original abstract. The provisions of the statute and court rules are not mere arbitrary regulations, but are rules of procedure intended for the maintenance of an orderly and uniform method by which the identical case tried shall be brought before the appellate court in a way to afford each party to the controversy a fair opportunity to meet the contentions of his adversary and to enable the court to obtain an accurate, authentic and complete history of the essential features of the case. A firm, consistent and impartial enforcement of these provisions, though it may appear harsh in some cases, in the long run will result in fewer miscarriages of justice than would follow a lax or capricious observance.

In failing to apply for and obtain leave to file his amended abstract, appellant seems to have acted on the supposition that he could make the amendment on the eve of the hearing as a matter of right. The only reason he assigns for the omission of such important matters from the original abstract is his "oversight." This is not a good reason for the commission of so many patent errors. We can understand how an appellant, being hurried in the preparation of his abstract, might inadvertently overlook one of a number of record entries and in such case on timely application we would permit an amendment to be made on terms that would not prejudice the rights of the respondent, but, where, as in the present case, it is perfectly plain that a reasonable ef-

fort was not made to comply with the statute and court. rules, the conduct of the appellant is inexcusably negligent and we would not have permitted the amendment had leave been asked on or before the date set for the hearing of the cause.

Generally, we dislike to dispose of a cause without a determination of the questions touching the merits involved therein. We have taken the trouble to examine the merits of this case and are satisfied that the trial thereof was free from prejudicial error.

Thus, without making shipwreck of a meritorious case, we are given an opportunity of emphatically repeating what has been so often said by the appellate courts to the effect that the rules of procedure may not be ignored with impunity and that the failure to make a reasonably diligent effort to observe them will be met with the enforcement of the penalties prescribed. This reiteration is made necessary by the frequency with which our attention is called to defective records despite all that has been said on the subject.

The motion to dismiss the appeal is sustained. All concur.