K. D. CROSS, Respondent, v. WILLIAM C. HENDER-
SON, Appellant.

**Kansas City Court of Appeals, February 17, 1908.**

1. **APPELLATE PRACTICE: Abstract.** An abstract containing
   no record entry showing the filing of motion for new trial or
   the bill of exceptions or the preservation of any exceptions or
   the ruling on the motion for new trial or the action on the
   instructions or evidence is wholly insufficient.

2. ————: ————: **Gross Defects: Amendment.** Where the de-
   fects of the abstract are gross no leave will be granted to file
   supplemental abstract after the opposite party has served his
   brief or other writing calling attention to such defects.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D.
Burnes,* Judge.

AFFIRMED.

*Booher & Williams* and *Stephen Fee* for appellant.

(1)   It is only in cases where the complete tran-
script or in lieu thereof a certificate of the judgment, is
not filed in this court in proper time that the judgment
may be affirmed.   A failure to file a proper abstract is
punished by the penalties provided by section 813, Re-
vised Statutes 1899, and by the rules referred to, by
dismissing the appeal or continuing the case at the
option of the respondent.   Sanders v. Chartrand, 158
Mo. 364; State ex rel. v. Smith, 172 Mo. 457; Scott v.
Black, 96 Mo. App. 478; McDonald v. Hoover, 143 Mo.
493; Ricketts v. Hart, 150 Mo. 64; Jordan v. Railway,
92 Mo. App. 82; Noland v. Jones, 126 Mo. 169; Johnson
v. Carrington, 120 Mo. 315; Moore v. Stemmens, 119
Mo. App. 162.   (2)   Where the original abstract is
insufficient, the appellant may file a supplemental one
supplying the defects.   White v. Railway, 98 Mo. App.
542; Kreyling v. O'Reilley, 97 Mo. App. 384.   Should
not be filed without leave of court.   Harding v. Bedoll,
100 S. W. 642.

*James W. Boyd* for respondent.

(1) Under the law, statute, rules of this court, the decisions of this court and the Supreme Court on this subject, the respondent is entitled to an affirmance of the judgment of the circuit court. Hughes v. Henderson, 95 Mo. App. 312; Greenwood v. Parlin, 98 Mo. App. 407; Parry v. Gordon & Co., 98 Mo. App. 409; Baily v. McWilliams, 111 Mo. App. 35; Bradbury v. Kerns, 115 Mo. App. 99; Pennowfeski v. Coever, 103 S. W. 542; Whiting v. Lead Company, 195 Mo. 510; Everett v. Butler, 192 Mo. 564; Walner v. Wade, 101 S. W. 686; Bank v. Magee, 102 S. W. 600; Bick v. Williams, 181 Mo. 527; Harding v. Bedoll, 100 S. W. 641; Hoffman v. Loudon, 96 Mo. App. 184; Rules of this court No. 15, 18, 21, 22.

JOHNSON, J.—Plaintiff recovered judgment in the circuit court of Andrew county in the sum of one thousand dollars. Defendant appealed and brought the case here by the short form. The hearing in this court was set for October 12, 1907. On September 28th appellant filed his abstract of record and brief, service of which had been acknowledged by respondent on September 2d. On September 30th appellant acknowledged service of respondent's statement and brief which, afterward, was duly filed. Respondent asked in his brief that the judgment be affirmed on the ground of the insufficiency of appellant's abstract of record in the following respects:

"It does not contain any record or record entry showing any one of the following facts: (a) That any motion for a new trial was ever filed in the case. (b) That any bill of exceptions was ever made, allowed, signed, sealed or filed in the case. (c) That any exceptions were ever made or preserved in any way. (d) That any motion for a new trial was ever passed on. (e) What instructions were given or refused. (f)

What evidence was introduced. (g) Except what is shown by the short form transcript—that any trial was ever had, any judgment rendered, or any appeal taken or allowed."

On October 7th appellant appeared and asked leave to file an amended abstract of the record in which he attempts to supply the deficiencies of the original. The questions to decide are: *First,* Is the original abstract insufficient to comply with the statute and rules relating to the filing and serving of such instruments and, *second,* If it is fatally defective, should appellant be permitted to file a sufficient abstract after the respondent has asked in his brief for an affirmance of the judgment on account of such defects. We find that the original abstract falls short in the particulars enumerated by respondent. It contains what purports to be copies of the petition; answer and bill of exceptions, but no reference is made to any record entry. Under repeated decisions of the Supreme Court and the Courts of Appeal, these omissions must be deemed fatal in their consequence and to entitle respondent, either by motion or by request made in his brief to an affirmance of the judgment. [Redd v. Railway, 122 Mo. App. 93; Harding v. Bedoll, 202 Mo. 625; Hill v. Butler County, 195 Mo. 511; Cummings v. Eiler, 121 Mo. App. 576; Everett v. Butler, 192 Mo. 564; St. Charles v. Deemar, 174 Mo. 122; Williams v. Harris, 110 Mo. App. 538; Kampf v. Transit Co., 102 Mo. App. 314; Hughes v. Henderson, 95 Mo. App. 312.]

In view of the fact that appellant did not ask leave to file his amended abstract until moved thereto by the request of respondent in his brief that the judgment be affirmed, we think such leave should not be granted nor should we consider the amended abstract tendered. In Redd v. Railway, supra, we said: "We can understand how an appellant, being hurried in the preparation of his abstract, might, inadvertently, overlook one

of a number of record entries and in such case on timely application we would permit an amendment to be made on terms that would not prejudice the rights of the respondent, but, where, as in the present case, it is perfectly plain that a reasonable effort was not made to comply with the statute and court rules, the conduct of the appellant is inexcusably negligent and we would not have permitted the amendment had leave been asked on or before the date set for the hearing of the cause."

In Harding v. Bedoll, supra, the Supreme Court gave expression to a similar conclusion: "To say the least, they (supplementary abstracts) should not be filed without leave of the court and if so filed will not be considered. We will add further that if for any reason the original is so faulty in stating material matters of record as to authorize the sustaining of suggestion to dismiss the appeal or writ of error, no leave should be granted after the opposite party has served his brief or other writing calling attention to the defects. To hold otherwise, would, as Judge GANTT practically says, place a premium upon negligence in the preparation of abstracts." These rules preclude us from considering a supplementary abstract in a case where the defects in the original are so many and of a character so vital that they cannot be made to appear as the result of excusable mistake.

The judgment is affirmed. All concur.