WILLIAM T. WHITTINGTON, Respondent, v.
PETER G. WOODS, Appellant.

Kansas City Court of Appeals, March 1, 1909.

APPELLATE PRACTICE: Abstract: Filing Motions: Bill of Exceptions. The abstract of the record proper must show that the motions for new trial and in arrest and the affidavit for appeal were filed, and also the order granting the appeal and leave to file bill of exceptions at a succeeding term, and a mere recitation thereof in the bill of exceptions is insufficient to authorize a review of the exceptions at the trial.

Appeal from Morgan Circuit Court.—*Hon. C. A. Denton,* Judge.

AFFIRMED.

*John F. Gibbs* and *A. B. Knipmeyer,* of counsel, filed brief on merits.

*H. E. Neville* for respondent.

(1) Appellant's abstract of the record fails to show the filing of a motion for a new trial, a motion in arrest of judgment, an affidavit for appeal, or a bill of exceptions. It is true these facts are all shown by the bill of exceptions, but this is not sufficient, they must all be shown by the abstract of the record. Harris v. Kobusch, 127 Mo. App. 441; Bank v. Magee, 125 Mo. App. 439; Perry & Gordon v. Coffee & Spice Co., 98 Mo. App. 409; Jordan v. Railway, 92 Mo. App. 81.

JOHNSON, J.—The abstract of the record fails to show the filing of the appellant's motions for a new trial and in arrest of judgment, the filing of an affidavit for an appeal and the order granting an appeal and the order granting appellant leave to file bill of exceptions at the succeeding term of court. These matters appear in what purports to be a bill of exceptions, but it has been held repeatedly that this is insufficient. They must appear in the record proper. In such state of the record, we cannot review the exceptions on which appellant relies and, finding no error in the record proper, must affirm the judgment. [Redd v. Railway, 122 Mo. App. 93; Harris v. Kobusch, 127 Mo. App. 441; Harding v. Bedoll, 202 Mo. 625.]

Accordingly the judgment is affirmed. All concur.