WEBER IMPLEMENT COMPANY, Appellant, v. J. E. HILL, Respondent.

Kansas City Court of Appeals, December 6, 1909.

APPEAL AND ERROR: Motion For New Trial: Bill of Exceptions. The proper place for showing the filing of a motion for new trial and bill of exceptions, is in the record proper. Such showing in the bill of exceptions, alone, is insufficient.

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*Charles J. Walker* for appellant.

(1) The court erred in not striking out defendant's answer and counterclaim and in admitting evidence in support of the same. Both in the justice and circuit courts, defendant set up a counterclaim for $300, an amount in excess of the jurisdiction of the justice and it should have been stricken out. R. S. 1899, sec. 3936; Nenno v. Railroad, 105 Mo. App. 552; Brownfield v. Thompson, 96 Mo. App. 340. (2) The evidence shows that the defendant continuously used

Implement Co. v. Hill.

the engine during the entire fall season of 1906, and to a considerable extent during the threshing season of 1907. If the engine was of any value for any purpose, plaintiff was entitled to a verdict for such value. Heiman v. Mercantile Co., 106 Mo. App. 438, and cases cited; Brown v. Weldon, 27 Mo. App. 251, 99 Mo. 564; Armstrong v. Tobacco Co., 41 Mo. App. 254; Johnson v. Sproull, 50 Mo. App. 121; West v. Freeman, 76 Mo. App. 96. (3) Defendant having received, retained and used the engine was certainly liable for its reasonable value, and having failed to return or offer to return the same, and the evidence clearly showing that the engine was of some value, defendant was not entitled to a verdict defeating plaintiff's claim entirely. Thummel v. Dukes, 82 Mo. App. 53; Danforth v. Crookshanks, 68 Mo. App. 311. (4) Instructions should be predicated both on the evidence and the pleadings, not on the pleadings alone, where there is no evidence in support of their allegations; and instructions numbered (1) and (2) are not based on any evidence in the case. Marr v. Bunker, 92 Mo. App. 661, and cases cited; Railroad v. Railroad, 118 Mo. 625, and cases cited; McAtee v. Valandingham, 75 Mo. App. 53; Colliott v. American Mfg. Co., 71 Mo. App. 170, and cases cited; Stokes v. Distillery Co., 64 Mo. 420; Camp v. Railroad, 94 Mo. App. 282. (5) This court will not say that the verdict is for the right party and ought to be affirmed, when there has been a substantial misdirection of the jury upon a question of law bearing upon the issues of fact to be tried by the jury, but for which they might have reached a different conclusion. Cottrill v. Krum, 100 Mo. 406; Suttie v. Aloe, 39 Mo. App. 43; Clark v. Fairly, 30 Mo. App. 340.

*Gillespy & Conley* for respondent.

(1) Appellant's printed abstract fails to show any record or abstract of the record, of the approving, filing, signing, sealing, allowing or date of filing of his bill of

exceptions. So there is no bill of exceptions before this court. Harding v. Bedoll, 202 Mo. 629, and cases there cited. (2) The abstract fails to show any record of the filing or date of filing of the motion for new trial, hence exceptions raised by said motion cannot be considered. Stark v. Zehnder, 204 Mo. 449, and cases cited. (3) Where there is no bill of exceptions filed by authority of court, only the record proper is open to review. Goodhart v. Kinney, 118 S. W. 679; Davis v. Foster, 118 S. W. 1191. (4) On the record the answer states facts sufficient to constitute a defense. That a machine for which a note is given is worthless is a good defense under a plea of want of consideration. Implement Co. v. Parmer, 128 Mo. App. 300; R. S. 1899, sec. 645; R. S. 1899, sec. 3947; Broderick v. Andrews, 115 S. W. 519. (5) So is the defense of breach of warranty and worthlessness. Broderick v. Andrews, supra; Schoenberg v. Loker, 88 Mo. App. 387; Compton v. Parsons, 76 Mo. 455. So is the defense of fraud in the making of the sale and worthlessness of the article. Casey v. Smales, 4 Mo. 77; Barron v. Alexander, 27 Mo. 530; Cahn v. Reid, 18 Mo. App. 115; Sachleben v. Heintze, 117 Mo. 526.

ELLISON, J.—This action was begun before a justice of the peace on a promissory note. On appeal to the circuit court judgment was rendered for the defendant and plaintiff appealed.

The record presented does not show that any motion for new trial was filed. Nor does it show the filing of a bill of exceptions. These things appear in what purports to be a bill of exceptions, but the place for them is in the record proper.

After defendant had prepared his briefs and made the point, plaintiff then asked leave of court to file a supplemental abstract and without obtaining such leave did file such supplement. This cannot be allowed over the objection of the other party. [Harding v. Bedoll,

202 Mo. 625; Everett v. Butler, 192 Mo. 564; Redd v. Railroad, 122 Mo. App. 93; Cross v. Henderson, 129 Mo. App. 537.]

There being no matter of exception before us we are left to the record proper and finding no error therein the judgment will be affirmed. [Thompson v. Ruddick, 213 Mo. 561; Macon v. Jaeger, 133 Mo. App. 643; Stark Bros. v. Martin, 126 Mo. App. 575.]

All concur.