M. L. HORD et al., Respondents, v. G. A. SHEPHERD, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. **PRACTICE, APPELLATE: Motion for New Trial: Time for Filing.** Where the record shows that the motion for new trial was filed at the term succeeding that at which the trial was had and judgment rendered, such motion is out of time and cannot be considered on appeal.

2. ————: **Bill of Exceptions: Time for Filing.** A bill of exceptions must be filed at the term during which final judgment is rendered, unless an extension of time is had; and a bill of exceptions filed at a succeeding term, without such extension, cannot be considered on appeal.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

APPEAL DISMISSED.

*Frost & Frost* for appellant.

*F. B. Ellis* for respondents.

ELLISON, J.—This action was begun before a justice of the peace, on an account for lumber. On appeal to the circuit court judgment was rendered for the plaintiffs.

The record shows that while the judgment was rendered at the September term of court, the motion for new trial was filed at the following January term. The motion was therefore out of time and cannot be considered. The record also shows that the bill of exceptions was not filed until the following April term, and no order granting an extension of time. The bill of exceptions therefore could not be considered even if the motion for new trial had been properly filed.

After plaintiffs had moved to dismiss the appeal for these defects, defendant asked leave to file a supplemental abstract of the record, correcting these defects. Under frequent rulings of the Supreme and Appellate Courts this cannot be allowed. [Everett v. Butler, 192 Mo. 564; Harding v. Bedoll, 202 Mo. 625; Barham v. Shelton, 221 Mo. 66, 69; Weber Imp. Co. v. Hill, 139 Mo. App. 522; Redd v. Ry. Co., 122 Mo. App. 93.]

The appeal is dismissed. All concur.