ROBERT C. WOODWARD, Respondent, v. STATE LIFE INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, Appellant.

Kansas City Court of Appeals, May 15, 1911.

1. PRACTICE, APPELLATE: Defective Abstract of Record: When Supplemental Abstract Not Allowable. In an appeal taken by the short form, the abstract of record proper failed to show that motions for a new trial and in arrest were filed and overruled, and the only reference to the bill of exceptions did not state the time of filing, nor show in any way that the same was filed in proper time. Appellant made no effort to correct the defects, until after it was served with a copy of respondent's brief calling attention thereto. Appellant then filed a motion for leave to file a supplemental abstract, and tendered an -additional abstract which supplied the omissions of the original. *Held*, that the appellant's motion, should be, and is overruled, because the statement that the mistakes were not in the copy furnished the printer, and that the printed ab-

stract was filed without examination by appellant's counsel discloses that the errors were not the result of excusable accident.

2. ———: ———: **When No Waiver.** When respondent expressly relies in his brief on the omissions in the abstract for an affirmance of the judgment, he does not waive anything by discussing the merits of the case in his brief.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*Frost* and *Frost* for appellant.

*L. B. Hooper* and *F. B. Ellis* for respondent.

JOHNSON, J.—This is an action for fraud and deceit. The appeal was taken by the short form from a judgment recovered by plaintiff. We have before us the judgment and the record entry showing the filing of an affidavit for appeal and order granting an appeal to this court. The abstract of the record proper contains the petition, answer and reply, but fails to show that motions for a new trial and in arrest of judgment were filed and overruled, and the only reference to the bill of exceptions is in the following recital: "Comes now the defendant in the above entitled cause and presents his bill of exceptions and asks that the same be approved, signed, sealed, filed and ordered made a part of the record herein, all of which is accordingly done and said bill of exceptions is here now filed." The date of filing is not stated nor is there anything to show that the bill was filed in proper time. The cause was set for hearing March 9, 1911, and the abstract of the record to which we have referred was filed January 28th, together with defendant's statement, brief and argument. A purported bill of exceptions appears in the abstract and in this bill we find motions for a new trial and in arrest and re-

citals of the filing and overruling of the motions but on account of the omissions in the recitals respecting the record proper, the bill of exceptions does not come to us properly authenticated and we cannot consider any of the matters of exception discussed in the briefs. [Harding v. Bedoll, 202 Mo. 625; Redd v. Railroad, 122 Mo. App. 93.]

In the brief of respondent filed March 7th, but served on appellant February 28th, attention is called to the defects in appellant's abstract and we are asked to affirm the judgment.

Appellant made no effort to correct the defects until after it was served with a copy of respondent's brief. On March 3d, it filed a motion for leave to file a supplemental abstract and tendered an additional abstract which supplied the omissions of the original. This motion was taken with the case and is now overruled. We think appellant has failed to show any good reason for being allowed to correct errors that would have been avoided had reasonable diligence been exercised. "We are not holding that we will not permit an appellant, on good cause shown, to amend his abstract at any time before the submission of the case under terms that will protect the rights of the respondent. But the granting of leave to amend in such cases is within our discretion and we will not exercise that discretion to aid appellant except in cases where it appears that some good reason exists for the omission in the original abstract." Redd v. Railroad, supra. The statement in appellant's motion that the mistakes were not in the copy furnished the printer and that the printed abstract was filed without examination by appellant's counsel is not a good reason since it discloses that the errors were not the result of excusable accident. It is the business of counsel to examine documents before filing them in court. Rules of procedure are necessary to the orderly, accurate and uniform administration of justice and should we encourage laxity in their observance, it would result in an-

noyance, confusion and unnecessary delay in the transaction of the business of the court.

We do not agree with appellant that its adversary waived anything by discussing the merits of the case in his brief. He expressly relies in his brief on the omissions in the abstract for an affirmance of the judgment and, since we find the petition states a cause of action and the judgment is responsive to the petition, we hold his point is well taken and that the judgment should be affirmed. All concur.