# WILLIAM S. HODSON, Appellant, v. JOHN J. McANERNEY et al., Respondents.

### Kansas City Court of Appeals, December 9, 1912.

1. **BILLS OF EXCEPTION: Abstract of Record.** A bill of exceptions cannot be allowed to prove itself by its own recitals but must be authenticated by record entries which, in turn, must be shown in the abstract of the record proper.

2. **MOTION FOR JUDGMENT: Not a Demurrer.** A motion for judgment on the pleadings is not a demurrer and hence is not a part of the record. It is a matter of exception and can only be made a part of the record by a bill of exceptions.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*A. Bowers* for appellant.

*Mytton & Parkinson* for respondents.

JOHNSON, J.—This is a suit in equity to enforce the specific performance of a contract for the sale and exchange of real estate. The petition states a good cause of action, the answer pleads affirmative defenses which need not be stated in the view we take of the case, and the reply traverses all of the facts relating to the affirmative defenses save one, the truth of which is admitted. On the theory that this admission precluded a recovery, defendant filed a motion for judgment on the pleadings. The court sustained the motion and rendered judgment for defendant. Plaintiff appealed.

The abstract of the record filed by appellant contains what purports to be a bill of exceptions but in that part devoted to the record proper omits all reference to the record entries relating to the filing of the

bill. It has been ruled time and again that a bill of exceptions cannot be allowed to prove itself by its own recitals but must be authenticated by record entries which, in turn, must be shown in the abstract of the record proper. [Hutton v. Clark, 145 Mo. App. 188; Redd v. Railroad, 122 Mo. App. 93; Woodward v. Insurance Co., 156 Mo. App. 244; Thorp v. Railroad, 157 Mo. App. 495; Harding v. Bedoll, 202 Mo. 625.]

We cannot consider the bill of exceptions and, therefore, cannot review the action of the circuit court in sustaining the motion for judgment on the pleadings. A motion of this character and ruling thereon can only be brought to the attention of an appellate court by an exception to the ruling duly preserved in a bill of exceptions. In Godfrey v. Godfrey, 228 Mo. l. c. 513, it is held: "Such motion is no part of the record unless made so by the bill of exceptions. [Mechanics' Bank v. Klein, 33 Mo. 559; Sternberg v. Levy, 159 Mo. l. c. 629.] In the latter case we said: 'A motion for judgment on the pleadings is not a demurrer. It partakes of some of the qualities of a demurrer but it is not a demurrer, and hence it is not a part of the record. It is a matter of exception and can only be made a part of the record by a bill of exceptions.' The question therefore raised by this motion is not before the court."

Finding no error in the record properly before us the judgment is affirmed. All concur.