THE GEORGE KNAPP REAL ESTATE AND BUILDING ASSOCIATION v. THE AMERICAN REFRIGERATOR TRANSIT COMPANY, *Appellant.*

Division Two, March 18, 1895.

Appellate Practice: BILL OF EXCEPTIONS. Where the record shows that the bill of exceptions was filed at a term subsequent to that at which the appeal was taken, no permission being asked or given, of record, for such filing, such bill will not be considered upon appeal, though the opposing counsel do not challenge its regularity.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Pollard & Werner* for appellant.

*Vernon W. Knapp* and *Thomas M. Knapp* for respondent.

GANTT, P. J.—This appeal is certified in compliance with rule 14 of this court, by filing ten uncertified copies of the record, indexed as required.

The action was commenced in the circuit court of the city of St. Louis on the sixteenth day of January, 1892, and an amended petition was filed April 9, 1892. There were two counts in the petition, and, under the

ruling of the court, plaintiff elected to proceed and stand on the first count.    This count was an action for specific performance of a contract to accept a lease of the third story of a five story building situated on the northeast corner of Third street in St. Louis for a term of two years and damages for breach thereof.    The answer was a general denial and plea of the statute of frauds.

The cause was tried to a jury before Judge Valliant and resulted in a verdict for plaintiff for $3,965.40 at the April term, 1893.

The record discloses that the verdict was rendered on Wednesday, April 26, 1893.    On Friday, April 28, 1893, a motion for new trial was filed.    This motion was overruled May 22, 1893.    On May 31, 1893, an affidavit for appeal was filed and an appeal granted to this court, and an appeal bond was filed and approved. No other step was taken at the April term, 1893.    By virtue of the laws governing the circuit court of the city of St. Louis the April term, 1893, lapsed by operation of law on June 3, 1893, unless adjourned sooner by order of the court.    R. S. 1889, p. 2147, sec. 9. This record discloses that "afterward at the June term, 1893, of said court, and on June 13, 1893, the defendant filed its bill of exceptions."    No leave was asked or given of record to file this bill of exceptions at a subsequent term.

Counsel for respondent have not challenged this bill of exceptions on this ground and we are confronted with the question, whether we have the right to consider exceptions thus filed, notwithstanding counsel for respondent have not moved to strike them from the record.    We have no disposition to act as counsel and seek for defects on either side which counsel see fit to waive but in the discharge of the duty cast upon us to make a statement of the cause, in the absence of an abstract, we have been driven to the transcript to pre-

pare our statement, and in this way we are advised of the condition of the record. Having been advised, however, that this transcript contains matter which we have no right to consider, it seems clear to us there can be but one proper course to pursue and that is to ignore it. It is not matter which counsel may waive. It goes to the very jurisdiction of the courts.

After the April term, 1893, of the circuit court of St. Louis lapsed by operation of law, that court itself was powerless to permit a bill of exceptions to be filed and become a part of its record in this cause, unless it had previously made an order at the April term, 1893, granting that privilege, and neither the permission of the court or counsel of the adverse party could alter the record as it stood when the April term was adjourned. *State v. Britt*, 117 Mo. 584; *Dorman v. Coon*, 119 Mo. 68.

However reluctant we may be to affirm a case when the opposing counsel have not insisted on objections like this, yet, when such matter, going to the very gist of the proceedings, is disclosed by an inspection of the record in the discharge of a duty enjoined upon us, we can not properly proceed to adjudicate upon it because we judicially know it is no part of the record. Our jurisdiction in this case is appellate and it is our duty to affirm the judgment of the court having original jurisdiction of the cause, unless prejudicial error has been committed by it. As it now appears that neither the counsel or the court could have validated this bill of exceptions even by express consent, we are compelled to ignore it.

Counsel have assigned no errors in the record proper and we have discovered none, and we accordingly affirm the judgment of the circuit court. BURGESS and SHERWOOD, JJ., concur.