## BICK, Appellant, v. WILLIAMS.

### Division Two, May 10, 1904.

1. **BILL OF EXCEPTIONS: Failure to File Within Time.** Where the record shows that appellant was given until September 1 to file a bill of exceptions, and that it was not filed until September 20, the bill can not be considered on appeal, notwithstanding a statement at the foot of the bill, and apparently a part of it, that appellant "was given until October 1 to file bill of exceptions." In such case the record proper must control.

2. **COURTS OF EQUITY: Taking Opinion of Jury.** Courts of equity have power in this State to take the opinion of a jury on matters of fact in aid of their own judgments.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*R. B. Bristow* for appellant.

*Bodine & Boyd* and *T. P. Bashaw* for respondent.

GANTT, P. J.—This is an action of ejectment commenced in Monroe county.

From a judgment in favor of defendant, plaintiff appeals.

The appeal is brought to this court by certificate of judgment and order granting appeal.

The abstract filed contains no copy of the record entries. It does not show when the petition, answer or reply was filed. It does contain copies of those pleadings. But for the certificate of judgment and order granting the appeal filed with the clerk there would be no part of the record proper before us. We ruled in State ex rel. v. Smith, 172 Mo. 446, and in State ex rel. v. Smith, 172 Mo. 618, that a failure to set out a judgment in the abstract of record where the certificate had been duly filed would not justify a dismissal of the appeal, but we have also uniformly ruled that recitals in a bill of exceptions will not supply the abstract of the record proper. [State v. Harris, 121 Mo. 445; Walser v. Wear, 128 Mo. 652.]

We have always ruled that the record proper must, if in term time, show the filing of the bill of exceptions, and if leave be given to file the bill in vacation, the minute of the clerk in vacation must show the filing within the time allowed; that the recital in the bill of exceptions can not supply this defect, as in the very nature of the case the bill of exceptions is no part of the record until signed and filed by leave of the court. [Ricketts v. Hart, 150 Mo. 68.]

Now, conceding to plaintiff and appellant all the liberality extended in State ex rel. v. Smith, 172 Mo. 446, and treating the certificate as part of his abstract, it shows on its face that the time for filing the bill of

exceptions was extended only to *September* 1, 1900. The certificate of the judge to the bill of exceptions discloses that it was filed on *September* 20, 1900, or twenty days *after the time* allowed by the court.

It is just to state that at the foot of the bill of exceptions, and apparently a part of it, there is this statement: " Plaintiff was given until October 1, 1900, to file bill of exceptions." There is no statement when or by whom this leave was given, whether by the court in term time, or by the judge in vacation; whether before the original leave given by the court to file "on or before September 1, 1900," had expired, or after that date or by the stipulation of counsel filed in the clerk's office. It does not purport to be the abstract of a record made on a certain day, or of a written extension granted by the judge in vacation and *filed with the clerk* or of the stipulation of counsel made on a certain day. It is *directly contradicted* by the record entry which limited the time for filing to September 1, 1900. In this condition of the record we must hold, as we always have, that the record proper must control, and that there is no legal evidence of an extension of the time for filing the bill to October 1, 1900. [State v. Harris, 121 Mo. 445.]

It results that the bill of exceptions can not be considered. As was said in Building Association v. Refrigerator Co., 127 Mo. 501, however reluctant we may be to disregard a bill of exceptions when opposing counsel have not made or insisted on the objection, yet when we have been driven to the record in an effort *to sustain* the very faulty and insufficient abstract and in so doing have discovered that the bill was not filed within the time which the only authentic record allows, we are judicially advised that it is no part of the record, and we are not at liberty to consider it.

No errors have been assigned on the record proper and we have discovered none.

It is true a point is made that the court erred in submitting any of the issues to a jury because the answer

was an equitable defense, but this so-called abstract contains no record of the empanelling of a jury or who constituted it and no copy of their verdict.

Moreover, the mere fact that the chancellor ordered a jury and submitted certain issues to them would not constitute error, as the power of courts of equity in this State to take the opinion of a jury on matters of fact in aid of their own judgments has been too long recognized to admit of doubt.

The judgment is affirmed. *Burgess* and *Fox, JJ.,* concur.