## EVERETT, Appellant, v. BUTLER.

**Division Two, January 3, 1906.**

1. **APPEAL: Filing Bill: Insufficient Recital in Abstract.** A recital in the abstract "that plaintiff filed her bill of exceptions showing the above matters and things on the 11th of November, 1902, in accordance with the order of the court made and entered," is a conclusion of law, and is not sufficient to show that the bill was filed within time permitted by the court, or that any permission was given by the court to file the same in vacation, or that the same was approved by the circuit judge, and on motion made by the opposite party the appeal will be dismissed.

2. ———: ———: ———: **Filing Amended Abstract.** Nor can the failure of appellant to comply with the statute and the rules of the court, which require an abstract to be served on respondent and be filed in this court thirty days before the case is set for hearing, be cured by serving on respondent and filing without leave three days before the case is set for hearing an additional abstract which shows that his bill of exceptions was filed within the time permitted by the court. [Distinguishing Lane v. Railroad, 132 Mo. 17.]

Appeal from Washington Circuit Court.—*Hon. F. R. Dearing,* Judge.

APPEAL DISMISSED.

*Warren D. Isenberg* for appellant.

*L. F. Dinning* and *Edw. T. Eversole* for respondent.

GANTT, J.—This is an action of ejectment commenced in the Washington Circuit Court for lots 6 and 7 in block 82 of the town of Irondale, Washington county, Missouri.

We are not advised by the abstract when this action was commenced, but there is a recital that an an-

swer was filed March 5, 1902. It was a general denial. It then recited "that the case came on for trial during the March term, 1902, when the following proceedings were had as per bill of exceptions filed and allowed according to law." Elsewhere in this abstract it is said: "Plaintiff on the 26th of August, 1902, filed her affidavit for appeal, which was granted to this court, and plaintiff filed her bill of exceptions showing the above matters and things, on the 11th of November, 1902, in accordance with the order of the court made and entered." From this last-mentioned recital taken in connection with the certificate of judgment and appeal filed by the appellant in this court under the short method, it sufficiently appears that a judgment was rendered in this cause in favor of the defendant on the 8th of March, 1902, and by another recital in the abstract, it appears that on March 10, 1902, the plaintiff filed a motion for a new trial, which said motion was by the order of the court continued to the next regular term in August, 1902, at which time the motion for new trial was overruled. By the recital that the bill of exceptions was filed on the 11th of November, 1902, it will appear that the bill of exceptions was filed in vacation of the said Washington Circuit Court, inasmuch as by law a regular term of the circuit court of Jefferson county intervened in September, and there is no evidence in the record that the circuit court of Washington county was adjourned over to November. In the abstract we are not shown that the circuit court of Washington county, by its order of record, during the August term thereof, extended to plaintiff the time for the filing of her bill of exceptions to a time after the adjournment of the said August term, and if so what time was granted her, unless we are to accept the recital "that plaintiff filed her bill of exceptions showing the above matters and things on the 11th of November, in accordance with the order of the court made and entered," as sufficient.

We are of the opinion that this is not an abstract

of any order of record but merely a conclusion of the plaintiff. If the court granted plaintiff leave to file a bill of exceptions in vacation within a certain time, surely it was an easy matter to so state, and then when she states she filed her bill of exceptions on the 11th of November, 1902, we could have seen it was filed within the time. Moreover, the burden of showing that her exceptions had become a part of the record devolved upon plaintiff and it is made her duty to show the facts to the court and not draw her conclusions merely. This recital does not state that the judge of the court signed this bill of exceptions, and without his signature clearly the bill of exceptions became no part of the record. We are exceedingly loth to dispose of an appeal in this manner, but the opposite party has rights which cannot be ignored. He has made timely objection to this abstract, and insists that the plaintiff has failed to observe the rules of this court and her appeal ought to be dismissed. As the abstract now stands there is not enough before us to show the bill of exceptions was filed in vacation by leave of the court entered of record in term time and within the time allowed.

The appeal is based entirely upon exceptions taken to the action of the trial court, and as the abstract fails to comply with the rules of this court, in that it is not indexed at all and it does not appear that the bill of exceptions is properly a part of the record, we are constrained to sustain the motion to dismiss the appeal, and it is so ordered.

*Burgess, P. J.,* and *Fox, J.,* concur.

ON MOTION FOR NEW HEARING.

GANTT, J.—The plaintiff has filed a motion for rehearing, and for an order setting aside the judgment dismissing the appeal in this cause, and for grounds thereof assigns the following reasons: because the appellant on the 13th day of October, three days before

this cause was docketed for hearing and after receiving the brief of the respondent in which plaintiff's abstract of record was assailed as utterly insufficient, had served on the defendant what plaintiff denominates an additional abstract of the record, in which the plaintiff had interlined, in writing, exceptions to the overruling of the motion for new trial and to the refusal of certain declarations of law asked by the plaintiff, and also appended a printed sheet, containing a digest of the petition and answer and the order overruling the motion for new trial, the affidavit for appeal and the order made on August 26, 1902, giving plaintiff leave to file a bill of exceptions on or before November 26, 1902, and a subsequent order extending the time to file said bill of exceptions on or before December 15, 1902.

Plaintiff now insists that the court erred in dismissing her appeal and in not considering her additional abstract of record offered to be filed in the circumstances above noted.

Section 813, Revised Statutes 1899, provides that when an appeal is prosecuted to this court by what is known as the short method, the appellant shall "within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the entire record of said cause in the office of the clerk of such appellate court, and within such time, deliver a copy of said printed abstract to the respondent or defendant in error." Rule 11 of this court provides that "in those cases where the appellant shall, under the provisions of section 2253, Revised Statutes of 1889 (now sec. 813, R. S. 1899), file in the court a copy of the judgment, order or decree, in lieu of the complete transcript, he shall deliver to the respondent a copy of his abstract at least thirty days before the cause is set for hearing, and shall in like time file ten copies thereof with the clerk of this court." Rule 13 requires that "the abstracts mentioned in rules 11 and 12 shall be printed in fair type, and shall be paged, and

shall have a complete index at the end thereof, and shall set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision.'' It will thus be seen that the rules of this court made in pursuance of the statute require the appellant or plaintiff in error to deliver to the respondent a copy of his abstract at least thirty days before the cause is set for hearing, and in like time file ten copies thereof with the clerk of this court. But it is now contended by the appellant that he may ignore these rules and file an abstract within three days of the date of the hearing, and that such abstract must be filed by the clerk ''either with or without the permission of the court,'' and that it is obligatory upon this court to accept the same. Such insistence is in the teeth of the rule, and if allowed would involve the court and opposing counsel in utter confusion. The rules and the statute upon which they are based are devised for the orderly disposition of the causes in this court, and to the end that both counsel and the court may be fully advised of the record upon which an opinion is sought in this court. The position of counsel is utterly untenable. But it is said that the dismissal of the appeal in this case is in conflict with the decision of this court in Lane v. Railroad, 132 Mo. 17. The learned counsel for the defendant has overlooked the fact that Lane v. Railroad was decided by the Court in Banc, and the amended abstract was prepared for the Court in Banc after the cause had been certified to the Court in Banc. Various cases might have been cited in which a similar practice has been allowed from the very necessities of the case. When the cause is certified by either Division to the Court in Banc, it is in the estimation of the law a new setting of the cause, and as the sessions of the Court in Banc are regulated according to the amount of business therein, it often occurs that the date assigned for the hearing of the cause in Banc is much less than thirty days, and obviously the rule for the serving of

abstracts and briefs in the Divisions are not applicable, and hence counsel are compelled to accommodate themselves to the conditions thus presented. Nothing said in Lane v. Railroad, 132 Mo. 17, therefore, and similar cases in Banc, conflicts in any way with the conclusion we reached in dismissing this appeal.

Neither do we hold that there may not be amendments to an abstract under proper circumstances for good cause shown, but when an abstract, as in this case, utterly fails to comply with the law not only in immaterial but in the most material respects, and counsel for the respondent or defendant in error have availed themselves of their right to object to the same, and have been at the expense of printing their briefs, to hold that counsel for the appellant may then within three days of the date set for the argument of the case, so change the abstract as to present a wholly different state of record, would be to encourage negligence on the part of counsel and to punish the diligent counsel by exacting of them the printing and preparation of entirely new briefs, and oftentimes counter-abstracts of record. When this so-called additional abstract was offered for the first time at the hearing of this case, the cause was ready for hearing. Rule 4 of this course provided, "No suggestion of diminution of record in civil cases will be entertained by the court after joinder in error except by consent of parties." While no formal joinder in error is now required, when counsel on both sides have prepared and served their briefs on opposing counsel, the record is considered as made up for argument and decision, and it is too late then to change the record, except by consent of counsel, or upon leave of court given upon satisfactory showing. Rule 22 provides: "Hereafter in no case will extension of time for filing statements, abstracts and briefs be granted, except upon affidavit showing satisfactory cause." No case within our experience has shown a more flagrant disregard of the rules of the court in the preparation of the abstract of record required by the

Locke v. Independence.

law. No cause was shown for the failure to comply with the rules and in the very nature of the case none could have been shown, because all the matters inserted in the so-called additional abstract of record could have been inserted in the first abstract served upon defendant as well as in the additional abstract.

Upon full consideration, we see no reason for changing our ruling, and the motion for rehearing must be and is denied.

*Burgess, P. J.*, and *Fox, J.*, concur.