## ANNA HARRIS v. H. C. WILSON, BELLE (JESSIE) DAVIS et al., Appellants.

Division One, November 21, 1906.

APPEALS: Defective Abstract: In Due Time. The appeal was by the "short method;" the abstract shows that sometime within the four days preceding March 12th a jury returned a verdict, but does not show when the trial began or what the court did as to entering judgment upon the verdict, or by whom the bill of exceptions was signed, but did contain recitals that amount only to conclusions of law, as that "in due time" a bill of exceptions was filed, and that "in due time" an affidavit for an appeal was filed and the appeal allowed. *Held*, that there is nothing before the court for consideration but the record proper.

Appeal from Washington Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Collins & Chappell* for appellants.

*P. H. Cullen, J. S. McIntyre* and *R. D. Rodgers* for respondent.

The abstract of the record, prepared and filed by appellants is insufficient, and there is nothing for this court to review except the record proper. Everett v. Butler, 91 S. W. 890; St. Charles v. Deemar, 174 Mo. 125; Hill v. Combs, 92 Mo. App. 242; Walser v. Wear, 128 Mo. 652; Lawson v. Mills, 150 Mo. 428; Johnson v. Carrington, 120 Mo. 315; Kirk v. Kane, 97 Mo. App. 556; Whitehead v. Railroad, 176 Mo. 475; Parry v. Spice Co., 98 Mo. App. 409; Western Storage and Warehouse Co. v. Glasner, 150 Mo. 426; Crossland v. Admire, 149 Mo. 650; Butler Co. v. Graddy, 152 Mo. 441; Hughes v. Henderson, 95 Mo. 312.

GRAVES, J.—This is an action by plaintiff against the defendants for the wrongful and negligent killing of her husband. Suit was instituted in the circuit court of the city of St. Louis at some date, we know not when, and by change of venue the cause reached Washington Circuit Court, the time of which is likewise a mystery so far as the record brought here by appellants is to be looked to for the information. From this purported abstract it appears that sometime within the four days next preceding March 12, 1903, a jury returned a verdict for the plaintiff in the sum of $5,000, but when this trial began, or what the court ever did as to entering a judgment upon that verdict, this instrument fails to disclose.

Respondent says that we have nothing but the record proper before us for consideration; that the alleged abstract of the record in no wise complies with the rule of this court, and fails to properly show the

filing of a bill of exceptions. In this view we concur.

The document filed as an abstract of record starts with this language: "This was a suit filed in the circuit court, city of St. Louis, and taken by change of venue to the circuit court of Washington county." Then follows the amended petition (presumably the petition upon which case was tried); then a motion to strike out and the ruling thereon; then an answer; then we find this language:

"The venue of the case was changed from the city of St. Louis to Washington county. The plaintiff filed for her replication, a general denial of the allegations of the trial.

### "TRIAL.

"The cause came on for hearing before the court and a jury in Washington county, Missouri, and the following proceedings were had as appear from the bill of exceptions duly allowed, signed and filed, to-wit:"

Immediately following is a purported abstract of the evidence for plaintiffs and defendants; then follow the purported instructions given and refused; then follows this language:

"The jury thereupon returned a verdict in favor of the plaintiff in the sum of five thousand dollars and on March twelfth, 1903, and within four days after the rendition of the verdict and at the same term of court, the defendants filed their motion for a new trial, omitting the caption, as follows, to-wit."

Immediately following the language last quoted is the purported motion for new trial; then follows the language:

"The court having considered said motion for a new trial, overruled the same, to which ruling of the court the defendants then and there duly excepted. In due time the defendants filed their bill of exceptions, which was allowed, signed, sealed and filed. In due time the defendants filed their affidavit for appeal and

bond for appeal and an appeal was duly allowed the defendants to the Supreme Court of Missouri.''

The above is a clear outline of what is denominated the abstract of record in this case. This shows the filing of a motion for new trial within four days after return of verdict, and at the same term of court. It shows that a purported bill of exceptions was allowed, signed, sealed and filed, but by whom signed and sealed and by whose order filed, or whether filed by order of record does not appear. Whether filed at the trial term or later by order of court does not appear. Counsel conclude that it was filed in due time, but this is a mere conclusion of counsel and not an abstract of record. Again, counsel are of opinion that ''in due time'' affidavit for appeal was filed and an appeal allowed, but whether at the trial term of the court does not appear from this abstract. It follows that there is no such abstract of record in this cause as will authorize us to go beyond the record proper, the appeal having been perfected by what is known as the ''short method.'' [Everett v. Butler, 192 Mo. 564; St. Charles ex rel. v. Deemar, 174 Mo. 122, and the list of authorities therein cited.]

The petition, answer and reply we find in this purported abstract of record. In the clerk's office we find a certified copy of a judgment for five thousand dollars. The petition states a cause of action and the judgment is good upon its face.

We therefore affirm the said judgment.

All concur.