JESSE WEBSTER, Respondent, v. JAMES BERRY, Appellant.

Springfield Court of Appeals, January 10, 1910.

1. **APPELLATE PRACTICE: Defective Abstract: Filing Bill of Exceptions.** Where appellant's abstract fails to show that the bill of exceptions was signed by the judge or that it was filed by the proper order of court duly entered of record, and does not show whether it was filed in term time or in vacation, the defect is fatal and the bill of exceptions cannot be considered.

2. ————: ————: **Defects in Record Proper.** Matters appearing in the bill of exceptions cannot be used to supplement or cure defects in the record proper.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*J. S. Davis* for appellant.

*Oscar B. Elam* for respondent.

"The abstract should indicate by its own internal arrangement what is record proper, and what is matter abstracted from the bill of exceptions, where the one ends and the other begins." Thompson v. Rud-

dick, 213 Mo. 564.    Stark v. Zehnder, 204 Mo. 448;
Harding v. Bedoll, 202 Mo. 630; Pennoffsky v. Coerver,
205 Mo. 137; Heltzell & Co. v. McDowell, 135 Mo. App.
204; Macon ex rel. v. Jaeger, 133 Mo. App. 643.

NIXON, P. J.—This case in its peregrinations re-
minds us of the much traveled Homeric hero who was
buffeted and baffled on many climes and shores.    The
appellant was sued in his own neighborhood before a
justice of the peace the result being a mistrial.  He
filed an affidavit against the inhabitants of the town-
ship.   Thereupon, the case took another turn into an-
other township, where, more fortunately for the plain-
tiff in the result, the jury returned a verdict against
the defendant.   From this the defendant appealed.   He
then filed an affidavit against the judge of the circuit
court and the case was transferred from Barry county
to Barton county, where a jury again rendered a ver-
dict against the defendant.   From that judgment, he
took an appeal to the Kansas City Court of Appeals
and the case has been transferred to this court.   Owing
to the defects, hereinafter referred to, in the abstract,
and his failure to comply with the rules, the appeal
must be somewhat summarily disposed of.

The respondent in his brief and argument call our
attention to the fact that the abstract of the record in
this case wholly fails to comply with the requirements
of the rules of this court.

The only showing in the abstract of the record
in this case as to the filing of the bill of exceptions is
as follows:  "Jesse Webster, Plaintiff, v. James Berry,
Defendant.   Record entry shows that the bill of ex-
ceptions in this case was filed with the clerk of the
Barton county circuit court on the 18th day of Octo-
ber, 1909."   It is apparent that this entry does not
show that the bill of exceptions was signed by the judge
or that it was filed by the proper order of court duly
entered of record, and that it does not show whether

it was filed in term time or in vacation. This is not sufficient, as has been ruled in many cases both in the Supreme Court and the appellate courts of this State. It is essential that the abstract of the record itself should show that it was filed by a proper order of court duly entered of record. [Clay v. Union Wholesale Pub. Co., 200 Mo. loc. cit. 673, 98 S. W. loc. cit. 577.] It was further essential that it should show that the bill of exceptions was authenticated by being signed by the judge. [Harris v. Wilson, 199 Mo. 412, 97 S. W. 591; Everett v. Butler, 192 Mo. 564, 91 S. W. 890; Novinger v. Quincy, O. & K. C. R. Co., 131 Mo. App. 337, 111 S. W. 515.] None of the defects of the abstract could upplemented by anything that the bill of exceptions ·f might contain. There is no showing that the of exceptions was filed in obedience to any order court duly entered upon the record, or that it was signed by the judge, and consequently does not comply with the rules in regard to abstracts.

Nothing is left upon the record proper except the petition in this case. As this was an appeal from a trial first had in a justice of the peace court in which great indulgence is shown towards formality in pleading, an examination of the petition, as a whole, reveals that while it is irregular and inartistic and not in compliance with the strict rules of pleading in courts of record, it does sufficiently state a cause of action under the liberal practice in justice of the peace courts. The judgment is accordingly affirmed and the appeal dismissed. All concur.

## ON PETITION FOR REHEARING.

NIXON, P. J.—We have again with patience gone over the abstract of the record in this case in order to guard against any mistake that might have been committed and to assure ourselves that no injustice has been done the appellant in the opinion heretofore de-

livered.   We are fully confirmed in the correctness of our previous ruling, and also find other fatal defects in the appellant's abstract of the record.

It is with reluctance that we summarily dispose of cases; but when the motion is made by the opposite party, and not only our rules but the statute as well requires that the appellant shall file "printed abstracts of the entire record," we have no discretion, but are required to dismiss the appeal. The law as to abstracts is as binding as the law of contracts and must be impartially enforced as a rule of action governing appellate courts.   Notwithstanding that it may seem harsh to the members of the bar who represent the losing party, it is yet indispensable to the prompt transaction of business in appellate courts.   The experience of the Supreme Court and of all appellate courts is graphically expressed by Justice LAMM in Pennowfsky v. Coerver, 205 Mo. loc. cit. 137, 103 S. W. 542: "A bill of exceptions is, what its very name imports, a receptacle for exceptions and is not a fit legal vessel to hold matter belonging to the record proper; hence a recital in such bill cannot be held evidence of such matter, *secundum artem*.   .   .   . With patience, line upon line, and precept upon precept, we have steadily pointed out what the 'record proper' is, and the mandatory requirements of statutes and of appellate rules calling for an abstract of the record proper, as such.   Over and over again it has been pointed out that no part or parcel of the record proper has lot or place in the bill of exceptions; and if put into such bill and left out of the abstract of the record proper, it is fatal infirmity. In saying so, our Yea has been yea—our Nay, nay, to the crossing of a 't' and the dotting of an 'i.' Peradventure, by continued iteration and reiteration, this bread cast upon the waters will return to us in many days in the form of orderly obedience to positive law, so that the unhappy result to our brethren of the bar of a case riding off on anything short of its merits will

come to an end, or grow small by degrees. So mote it be."

The motion for rehearing is denied. All concur.