## CHARLES WADE, Appellant, v. J. J. ALEXANDER et al.

### Division One, March 1, 1910.

**NO BILL OF EXCEPTIONS.** Where the only entries appearing in the record proper are copies of the petition, answer and reply, nothing but those things can be considered on appeal, and if they will support a judgment there is nothing for the appellate court to do but to affirm the judgment. The filing of a motion for a new trial and leave to file a bill of exceptions cannot be shown by what purports to be a bill of exceptions. The record proper must show the filing of the motion, the leave to file the bill, and that the bill was filed within the time given.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*Warner Lewis* and *J. M. Barker* for appellant.

The transcript is under the shorter process and the foregoing printed abstract from pages 1 to 15 con-

tains the pleading of the parties; from pages 15 to 16, a brief statement of the case, and from pages 16 to 43 the end of the bill of exceptions.

*Barclay, Fauntleroy & Cullen* for respondents.

The abstract of the record filed by appellant in this cause fails to show that a motion for a new trial was filed and overruled, or that leave was given to file bill of exceptions, or that the bill was filed 'within the proper time, and presents to this court only the record proper. Harding v. Bedoll, 202 Mo. 634; Hill v. Butler County, 185 Mo. 514; Harris v. Wilson, 195 Mo. 412.

WOODSON, J.—The plaintiff instituted this suit April 4, 1904, to set aside a sale made by the trustee under a deed of trust on March 5, 1904. A trial was had on December 15, 1906, in the circuit court of Montgomery county, 'which resulted in a judgment for the defendants, and plaintiff appealed.

The only entries appearing in the record proper are copies of the amended petition, answer and reply, and the dates when each were filed. It fails to show that a motion for a new trial was filed or overruled, or that leave was given plaintiff to file a bill of exceptions, or that the bill of exceptions was filed in proper time, or at any other time. The only entries relating to any of the matters before mentioned are found in what purports to be a bill of exceptions, which was signed April 29, 1907, and filed the next day, April 30th.

Under this state of the record counsel for respondents contend that there is nothing properly before this court for review except the petition, answer and reply, and that we cannot consider the merits of the case as developed at the trial for the reason, first, that the record proper does not show that appellant filed a motion for a new trial, or that the court overruled the same; and, second, that said record fails to show that

appellant procured leave to file his bill of exceptions, or that it was filed in time.

Each of these contentions of respondents is fully borne out by the record. The record proper is as silent as the grave as to all of those matters, and the only reference made to any of them is found in what purports to be the bill of exceptions, filed April 30, 1907, which is not the proper place to preserve such matters, and which was long after the date of the trial, which was begun December 15, 1906.

Under the uniform rulings of this court, there is nothing properly preserved by the record and presented to this court for review, except the amended petition, answer and reply.' [Harding v. Bedoll, 202 Mo. 634; Hill v. Butler County, 195 Mo. 514; Harris v. Wilson, 199 Mo. 412.]

We have carefully read the pleadings, and are of the opinion that they support the judgment rendered in the cause, which appears to be regular and proper. The judgment is, therefore, affirmed. All concur.