## JAMES MATHIS, Respondent, v. CHARLES BAXTER et al., Appellants.

### Springfield Court of Appeals, June 6, 1910.

1. **APPELLATE PRACTICE: Printed Abstract: Statement as to Filing Bill of Exceptions.** If a bill of exceptions has been filed in vacation, it is essential that a printed abstract should contain a statement that the bill was duly filed in vacation within the proper time by the clerk of the circuit court of the county in which the cause was tried. If the bill was filed in term time, there should be a statement in the abstract that it was so filed and that the filing was evidenced by an entry of record. Abstract in this case examined and held not to contain a sufficient statement as to the filing of the bill of exceptions.

ON REHEARING.

2. **APPELLATE PRACTICE:** Printed Abstract: Record Proper: Bill of Exceptions. An abstract should indicate by its own internal arrangement what is record proper and what is matter abstracted from the bill of exceptions. The abstract in this case is examined and held that it fails to properly identify the bill of exceptions.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Phil H. Sheridan* and *Henry B. Davis* for appellants.

*Chas. O. Borth, Jas. L. Robinson* and *John M. Atkinson* for respondent.

(1) The pretended abstract of record fails to show the filing of a bill of exceptions by appellants by an entry of the record proper. This it must do to enable this court to review the testimony in this cause. Cummins v. Eiler, 121 Mo. App. 576; Scott v. Express Co., 116 Mo. App. 174; State ex rel. v. Holland, 116 Mo. App. 345; Watkins v. Green, 116 Mo. App. 593; Kampf v. Transit Co., 102 Mo. App. 314; Hughes v. Henderson, 95 Mo. App. 312; Harding v. Bedoll, 202 Mo. 625; Hill v. Butler Co., 195 Mo. 511; Clay v. Publishing Co., 200 Mo. 673; Harris v. Wilson, 199 Mo. 412; Stark v. Zehender, 204 Mo. 442; St. Charles ex rel. v. Deemar, 174 Mo. 122. (2) The pretended abstract of record proper fails to show the filing of a motion for a new trial and the ruling of the court thereon. The record proper must show such an order of the lower court. Mason v. Smith 124 Mo. App. 596; Dockery v. Lowenstein, 121 Mo. App. 394; Harris v. Kubusch, 127 Mo. App. 441.

NIXON, J. P.—This case was formerly dismissed by Judge GOODE in the St. Louis Court of Appeals because the abstract of the record proper did not contain an affidavit for appeal or even allude to one, and because, although it recited that the time for filing bill of exceptions had been extended, did not show that this was done before the time originally granted had expired. A motion for rehearing was granted and appellant filed an amended abstract. The case has been transferred to this court.

Respondent on December 7, 1909, filed a motion to affirm the judgment of the St. Louis Court of Appeals, notwithstanding the amended abstract. This motion is supported by a printed brief, the respondent not having briefed the case on its merits.

Among other defects in the present amended abstract, we find that it neither shows that the bill of exceptions was filed by the clerk in vacation or that it was filed in term time by a proper order of court duly entered of record. In the purported abstract, there first appears the petition, answer and reply, the record proper then halting. Then follows, presumably, the bill of exceptions designated as follows: "The evidence. The plaintiff to sustain the issues on his part, offered evidence as follows." After inserting the evidence, instructions, recital of judgment and motion for new trial, the following appears:

"In order that the above and foregoing may become a part of the record, the defendants here tender this, their bill of exceptions, and pray that the same may be signed and sealed and made a part of the record, which is done this 18th day of May, 1908. (Signed) J. C. Sheppard, Judge of the Circuit Court of the Thirty-third District, State of Missouri."

The record proper then continues. The verdict, judgment, filing and overruling of motion for new trial, and the extension of time for filing bill of exceptions, and filing of affidavit for appeal, etc., all appear, to-

gether with this statement: "and prior to said June 1, 1908, to-wit, on the 18th day of May, 1908, the bill of exceptions was signed, sealed, filed and made a part of the record."

It is clearly held in the case of Clay v. Union Wholesale Pub. Co., 200 Mo. 665, 673, 98 S. W. 575, that if the bill was filed in term time, there should be a statement in the abstract that it was so filed, and that the filing was evidenced by an entry of record duly made by the court; and, if the bill was filed in vacation, a statement should be made that it was duly filed in vacation within the proper time by the clerk of the circuit court of the county in which the cause was tried. See also Webster v. Berry (decided at the last term), 124 S. W. 1078. The rules of appellate practice are reasonable and easily followed, and while they should be liberally construed, yet construction should not be so liberal as to annul them. [Harding v. Bedoll, 202 Mo. 625, 100 S. W. 638.] It follows that there is nothing before us for review except the record proper. This we have examined and have found no reversible error therein. The judgment of the trial court is accordingly affirmed. All concur.

## ON REHEARING.

NIXON, P. J.—Adhering to our former ruling, attention is further called to the fact that the bill of exceptions is not properly identified so that we can distinguish where it begins and where it ends. The abstract does not indicate by its own internal arrangement what is record proper and what is matter abstracted from the bill of exceptions. [Reno v. FitzJarrell, 163 Mo. 411, 63 S. W. 808; Thompson v. Ruddick, 213 Mo. l. c. 564, 111 S. W. 1131.] Being unable to tell with certainty from the abstract what exceptions were preserved in the bill of exceptions, we are obliged to treat the case as if there were none. [Thompson v. Ruddick, supra, l. c. 565.]