JAMES R. THORP (Plaintiff), Respondent, v. CHI-
CAGO, BURLINGTON & QUINCY RAILROAD
COMPANY AND WABASH RAILROAD COM-
PANY (Defendants) ; CHICAGO, BURLINGTON
& QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

1. **APPELLATE PRACTICE:** Recitals in Abstract of Record: Bill
of Exceptions. Where plaintiff attacked the sufficiency of de-
fendant's abstract of the record on the grounds that it failed
to show in the recital of record entries that the bill of excep-
tions was signed by the judge; or allowed by the court; or was
filed, *held*, that the abstract of the record must show that the
bill of exceptions was signed by the judge and that the statement
that the bill was "duly filed" is not the legal equivalent of such
a recital, and also that the recitals of the record entries must
show that the bill was allowed and was ordered filed.

2. ————: Amendment of Record: When Request Refused.
When the request to amend its abstract of the record was not
made until after respondent attacked the abstract, and where
no good reason is given for the failure of appellant to present
a sufficient abstract in the first instance, said request to amend
must be refused.

3. ————: Sufficiency of Petition: Aider by Verdict: Rule of Con-
struction. Where the verdict and judgment are responsive to
the petition, and the only question remaining for determination
is whether or not the petition states a cause of action, *held*
that under the rule of aider by verdict, although the petition
did not contain an express averment that the opening in de-
fendant railway's embankment was not large enough to permit
the passage of all the waters that the creek in question would
carry and retain within its banks, nevertheless, since the trial
court had the right to treat any allegations respecting the ac-
cumulations of surface water as surplusage, and since, the
language of the petition, liberally construed, is sufficient to
embrace negligent obstruction of the waters of the natural
stream, in the absence of a bill of exceptions, it is the duty of
the appellate court to presume that the evidence tended to sup-
port a cause of action founded on such obstruction, and that, in
the instructions, plaintiff was permitted to recover on no other
cause.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn,* Judge.

AFFIRMED.

Warner, Dean, McLeod & Timmonds for appellant.

Joseph S. Rust for respondent.

JOHNSON, J.—This is an action for damages caused by an overflow of water on plaintiff's farm adjacent to the appealing defendant's railroad. The Wabash Railway Company and the Chicago, Burlington & Quincy Railway Company were made defendants. The trial resulted in a directed verdict and judgment for the Wabash Company and in a judgment for plaintiff against the remaining defendant. The petition was amended during the trial and the allegation on which plaintiff was allowed to go to the jury was made for the first time in the amendment and is as follows: "Plaintiff states that east of the land he was cultivating and under the tracks of defendants' roads and the said embankment there was and at all times has been an opening through or under which ran a small spring branch called Prather Creek, which was a natural watercourse, and that defendants negligently failed to leave, make and maintain an opening at that place under their tracks sufficient to carry off the water which would and did accumulate there during rainy seasons and which their said embankment caused to accumulate there and which from the natural lay of the land would and did naturally accumulate there during ordinary wet rainy weather, such as existed at the time of and just prior to the damage to plaintiff's crops as herein set forth; that by reason thereof and because of the negligence of defendants aforesaid the waters did at the time in 1904 as aforesaid accumulate north and above the said opening, tracks and embankment of defendants and back up on the land of plaintiff, as aforesaid."

Defendant did not demur to the petition but filed answer. Two main propositions are urged in the briefs of counsel for defendant, viz., that the petition does not

state a cause of action and that the evidence fails entirely to support the averments we have quoted. Plaintiff seeks to eliminate the last proposition by attacking the sufficiency of defendant's abstract of the record proper to preserve and present the bill of exceptions for our consideration. The specific objections to the abstract are that it fails to show in the recital of the record entries, (1st) that the bill was signed by the judge; (2d) that it was allowed by the court and (3d) that it was ordered filed.

The recital thus attacked is as follows: "Thereafter, on the 11th day of October, 1910, being the second day of the October term, 1910, of said circuit court, and within the time allowed by said circuit court, the defendant, Chicago, Burlington and Quincy Railway Company, duly filed its bill of exceptions in said cause which, omitting the caption, is as follows:"

We shall consider the objections to the abstract in the order of their statement. The recital in question is silent on the subject of the signing of the bill. Very recently the Supreme Court has reiterated the well known rule that a bill of exceptions not signed by the judge is no bill at all and cannot become a part of the record. [State v. Riley, 228 Mo. 431.] And it has been held over and over again that the abstract of the record must show affirmatively in the recitals of record entries that the bill was signed. That fact cannot be shown conclusively by the recitals of the bill itself since that instrument is not allowed to prove its own authenticity. This court held in Novinger v. Railway, 131 Mo. App. l. c. 338: "It is also essential that it (the abstract of the record proper) should show that the bill was signed by the judge," citing Harris v. Wilson, 199 Mo. 412, where the Supreme Court said: "This shows the filing of a motion for new trial within four days after return of verdict, and at the same term of court. It shows that a purported bill of exceptions was allowed, signed, sealed

and filed, but by whom signed and sealed and by whose order filed, or whether filed by order of record does not appear. . . . . Counsel conclude that it was filed in due time, but this is a mere conclusion of counsel and not an abstract of record. . . . It follows that there is no such abstract of record in this cause as will authorize us to go beyond the record proper."

In Harding v. Bedoll, 202 Mo. l. c. 634, the Supreme Court again declared the indispensability of a recital in the abstract of the record proper of reference to the record showing that the bill was signed, ordered filed, and filed. "As to whether there was a bill of exceptions signed, by whom signed, filed, or by whom ordered filed, we are left wholly in the dark. Upon this point the abstract is wholly insufficient." In subsequent cases the Supreme Court has not followed and applied certain rules pronounced in Harding v. Bedoll but has not intimated that it entertained any view contrary to the rule in the foregoing quotation from that case, and in the very recent case of Wallace v. Libby, 132 S. W. Rep. 665, the decision in Harding v. Bedoll is cited with approval and the rule is restated that failure of the abstract of the record proper "to show that the bill of exceptions was ever filed is fatal to a hearing in the Supreme Court, and such omission is not supplied by a recital of the filing in the bill of exceptions itself." The necessity for showing the signing of the bill is as great as that for showing the filing and we regard the case just cited as an authority supporting the position of plaintiff. Also we regard as authoritative the decision in Pennowfsky v. Coerver, 205 Mo. l. c. 136, where it is said:

"Other necessary record entries are absent, in that there is no record entry abstracted showing a motion for a new trial filed at a given date and a given term; in that there is no record entry abstracted showing such motion overruled; in that the abstract shows the bill of exceptions was filed in vacation, and there is no record entry showing that time was given to file said bill of excep-

tions. These things each and all do appear in the bill of exceptions; but a bill of exceptions is settled and filed, in natural sequence, *after* the foregoing things are spread of record in the record proper. Its office is to make what was *not* of record, a part of the record. It is evidence of nothing except what belongs in it, even after it is vitalized by being allowed, signed and filed. A bill of exceptions is, what its very name imports, a receptacle for exceptions and is not a fit legal vessel to hold matter belonging to the record proper; hence, a recital in such bill cannot be held evidence of such matter, *secundum artem.* [Bick v. Williams, 181 Mo. 526; State v. Ryan, 120 Mo. 88; Webster County v. Cunningham, 101 Mo. 642; Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426, and cases cited; Butler County v. Graddy, 152 Mo. 441; Hogan v. Hinchey, 195 Mo. 1. c. 533; Harding v. Bedoll, 202 Mo. 625; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407; sec. 728, R. S. 1899. See, generally, authorities collated by the learned annotator in Ann. Stat. 1906, p. 784, *et seq.*]"

In Stark v. Zehnder, 204 Mo. 1. c. 449, it is said:

"But in the absence of a sufficient showing by the abstract that on the face of the court record proper there are entries showing that the motion for a new trial was filed, that it was overruled and that the bill of exceptions was filed, we cannot consider any alleged error of the court contained in the brief of exceptions. [Hill v. Butler County, 195 Mo. 511, and other cases cited by respondents in their brief on this motion.] . . . A bill of exceptions standing alone cannot prove its own validity, a statement therein that it was signed and filed is not sufficient evidence of the signing or filing. The bill of exceptions derives its right to recognition solely from the fact that the record of the court shows that it was filed. Those facts must appear on the face of the record proper and when the abstract undertakes to state such facts it should state, if such is the fact, that the record proper so shows."

The Springfield Court of Appeals, speaking through Judge NIXON, hold in Webster v. Berry, 140 Mo. App. l. c. 386:      .

"The only showing in the abstract of the record in this case as to the filing of the bill of exceptions is as follows: 'Jesse Webster, Plaintiff, v. James Berry, Defendant. Record entry shows that the bill of exceptions in this case was filed with the clerk of the Barton county circuit court on the 18th day of October, 1909.' It is apparent that this entry does not show that the bill of exceptions was signed by the judge or that it was filed by the proper order of court duly entered of record, and that it does not show whether it was filed in term time or in vacation. This is not sufficient, as has been ruled in many cases both in the Supreme Court and the appellate courts of this state. It is essential that the abstract of the record itself should show that it was filed by a proper order of court duly entered of record. [Clay v. Union Wholesale Pub. Co., 200 Mo. l. c. 673, 93 S. W. l. c. 577.] It was further essential that it should show that the bill of exceptions was authenticated by being signed by the judge. [Harris v. Wilson, 199 Mo. 412, 97 S. W. 591; Everett v. Butler, 192 Mo. 564, 91 S. W. 890; Novinger v. Quincy, O. & K. C. R. Co., 131 Mo. App. 337, 111 S. W. 515.] None of the defects of the abstract could be supplemented by anything that the bill of exceptions might contain. There is no showing that the bill of exceptions was filed in obedience to any order of court duly entered upon the record, or that it was signed by the judge, and consequently does not comply with the rules in regard to abstracts."

And finally, in Keaton v. Weber, 136 S. W. 342, it is held by the Supreme Court: "It appears nowhere from the abstract of the record that the bill of exceptions was ever signed by the court, or that there is a record entry showing the filing of the same. Both of those matters should have been shown by the abstract. [Stark v. Zehnder, supra; St. Charles ex rel. v. Deemar, 174 Mo.

l. c. 124, 73 S. W. 469; Harding v. Bedoll, supra; Reno v. FitzJarrell, 163 Mo. 411, 63 S. W. 808."]

These decisions establish beyond controversy the rule that the abstract of the record proper must show that the bill of exceptions was signed by the judge and that the statement that the bill was "duly filed" is not the legal equivalent of such recital. Further they hold that the recitals of the record entries must show that the bill was allowed and was ordered filed. On the last point the Supreme Court say in Alt v. Dines, 227 Mo. l. c. 422:

"Under the condition of the record as shown by the abstract we would be justified in disregarding the whole bill of exceptions and the statements concerning it, for the reason that the abstract does not show that the record proper shows that the bill of exceptions was by order of the court made a part of the record. A bill of exceptions becomes a part of the record only when the court orders it to be filed and made so, and that fact cannot be shown by recitals in the bill itself. Neither can the judgment rendered nor the orders overruling the motion for a new trial and in arrest be shown except by the record proper. The abstract need not set out full copies of such entries, but it must show that such judgments and orders were entered of record and the substance of their contents."

We have thus reviewed the authorities so extensively because of the earnestness and ability displayed by counsel of defendant in their defense of the abstract. Counsel appear to think that in sustaining the objections to the abstract we would immolate a just and meritorious defense on the altar of mere formalism. But we think counsel must realize that rules of jurisprudence, whether they be rules of the substantive law or of procedure, cannot be honored in the breach but only in the observance. The most fundamental and imperative duty of the courts is to administer the laws fairly, impartially, and without fear or favor. To apply a rule in one case and to re-

fuse to apply it in another similar case would be a gross injustice, since it would be violative of the principle of the equality of all before the law. There is and can be no middle ground. Rules of procedure, as long as they exist, must be enforced without discrimination and the fact that they may inflict a hardship in an individual case is no ground for excepting such case from their operation. It may be that our rules of procedure emphasize the distinction between matters of exception and of record proper to a degree not to be found in the rules obtaining in some other jurisdictions, but all such rules, whether strict or liberal, necessarily must fix a dividing line somewhere and impose a penalty on the appellant whose record falls on the wrong side of that line. In the spheres of law and logic, as in geographical divisions, there must be frontiers. Under our rules of procedure, appellant's abstract is not even in the borderland between a strict and a reasonable construction of the rules, but is clearly beyond the line of a good record, under either construction. For the reasons given by the Supreme Court in Harding v. Bedoll, supra, and by this court in Redd v. Railway, 122 Mo. App. 93, we cannot permit the record to be amended since the request to amend was not made until after respondent attacked the abstract and no good reason is given for the failure of appellant to present a sufficient abstract in the first instance.

The only question remaining for determination is whether or not the petition states a cause of action. The verdict and judgment are responsive to the petition and under the rule of aider by verdict the judgment must be sustained, if we find that the statement of a good cause can be deduced from the allegations of the petition by the most liberal reasonable construction of that pleading. Defendant calls our attention especially to averments in the petition wherein plaintiff complains of the action of defendant in closing up other openings in its embankment which resulted in the accumulation of surface

water on the land of plaintiff and contends that the gravamen of the cause asserted in the negligence of defendant in producing conditions that caused the overflow of plaintiff's land by surface water which was not and could not be contained within the banks of Prather Creek. On this premise, the rule is invoked that "all the law requires of a railroad company in the construction of its railroad over a natural watercourse is that it shall bridge the same and leave an opening of sufficient capacity to carry and pass through all waters which said watercourse would carry and retain within its banks." [Citing Johnson v. Railway, 111 Mo. App. 378; James v. Railroad, 69 Mo. App. 431.]

We do not wish to be understood as giving our approval to this statement of the rule, but shall concede its soundness for present purposes only. While the excerpt we have quoted from the petition does not contain the express averment that the opening in the embankment at Prather Creek was not large enough to permit the passage of all the waters that the creek would carry and retain within its banks the language of the pleader, liberally construed, is sufficiently comprehensive to embrace such negligence and should we apply the rule invoked by defendant, still it would be our duty to presume, in the absence of a bill of exceptions, that the evidence tended to support a cause founded on the negligent obstruction of the waters of the natural stream and that in the instructions, plaintiff was permitted to recover on no other cause. Given the statement of a good cause of action and evidence supporting such cause the circuit court had the right to treat the allegations respecting the accumulations of surface water as surplusage and we cannot infer that error was committed in matters of exception. The petition states a cause of action, the verdict and judgment are responsive, and we must assume they are free from prejudicial error.

The judgment is affirmed. All concur.