MAGGIE MAUPIN, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, April 1, 1912.

1. **PRACTICE, APPELLATE: Abstract of Record.** Where abstract of the record fails to show that any record entry was made of the filing of the motion for a new trial, or in arrest of judgment, or of an affidavit for an appeal, or the granting of an appeal, it is fatally defective.

2. ———: ———: **Supplemental Abstract.** If a good excuse is shown for failure to prepare and file a proper abstract of the record, the appellate court will allow a supplemental abstract to be filed.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Geo. H. Fearons* and *G. Putnam Smith* for appellant.

*Smoot & Cooley* for respondent.

BROADDUS, P. J.—The respondent, upon being served with appellant's abstract, served upon the appellant her brief and argument in which objections are made to the sufficiency of said abstract, whereupon the appellant made application to this court for leave to file a supplemental abstract, but there was no order of court permitting him to so do. However, the paper was lodged with the clerk and the question presented is, shall it be allowed, filed and considered by the court as a part of the record?

The original abstract fails to show that any record entry was made of the filing of the motion for a new trial or in arrest of judgment, or the filing of an affidavit for appeal or the granting of an appeal. It does show that the motion for a new trial and in arrest of judgment were overruled or acted upon by the court. The failure of the abstract to state the foregoing facts renders it fatally defective. It is equivalent to no abstract. [Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Mason v. Smith, 124 Mo. App. 597; Clay v. Publishing Co., 200 Mo. l. c. 673; Harris v. Wilson, 199 Mo. l. c. 415; Novinger v. Railroad Co., 131 Mo. App. 337; Thorp v. Railroad, 157 Mo. App. 495.]

The appellant admits that its original abstract is defective, but asks to be allowed to make it good by the supplemental abstract mentioned. The grounds offered for the request are that the omissions in the

original abstract were the result of inadvertence upon the part of its attorney who prepared it. The attorney makes and files his affidavit which in part is as follows: "G. Pitman Smith, attorney for appellant in the above entitled cause, makes oath and says that when he prepared his abstract of record for the October term, 1911, of this court, sometime in the latter part of September, 1911, there was, by some oversight or mistake of himself or his stenographer, incorporated into the abstract, as appears on page 5 thereof, a mere memoranda which he had and from which he was dictating his abstract. That it was not his intention to incorporate page 5 in his abstract as it now appears, but from that memoranda he expected to dictate the usual statements as to the motions therein mentioned being overruled. . . Further states that at the time he was dictating his printed abstract he had not before him some of the dates and was attempting by correspondence with the clerk of the court to get the dates wanted, especially with reference to the filing of the bill of exceptions which had been sent, as he now recollects, to the clerk, either by mail or express." If the appellant has furnished a good excuse for the failure to prepare and file a proper abstract under the rules of the court, it would be our duty to allow the filing of the supplemental abstract in question. But we do not think the excuse tendered is sufficient. On the contrary, the affidavit of the appellant's attorney goes to show conclusively that the omission to prepare a proper abstract in the beginning was the result of carelessness. Had he exercised the most ordinary precaution to have examined his abstract before it was sent to the printer, he would have discovered the defect and remedied it at once. And had he by giving it the most casual attention when he went to fill in the blanks, the dates he was seeking to obtain from the clerk, he would have discovered said defects.

The affidavit in question, instead of affording any just ground for permitting appellant to file its supplemental abstract, shows affirmatively that such permission should not be granted. To overlook the failure of appellant to comply with the rules of practice would be inviting laxity in appellate proceedings, which in the end would produce confusion and entail additional trouble upon the appellate courts. The rules were made for a purpose and should be observed. As there is no bill of exceptions in the case, we have examined the record proper and believe that the petition states a cause of action, and that it supports the judgment. Affirmed. All concur.