R. H. HUMMEL, Respondent, v. GEORGE H. FIELD, Appellant.

In the Springfield Court of Appeals, December 7, 1923.

1. **APPELLATE PRACTICE: Finding of Trial Court Supported by Evidence Conclusive on Appeal.** The finding of the trial court on an issue precludes any consideration of same in the appellate court, where there is evidence tending to support the finding.

2. **MECHANIC'S LIENS: Account Held not Properly Itemized.** Mechanic's lien which as filed showed items for lumber $500, payment to painter $300, balance due on millwork $287.60, etc., was not properly itemized as required by Revised Statutes 1919, sec. 7221.

3. **————: Answer Held to Preclude Objection to Form of Account.** The purpose of mechanic's lien is to advise owner that certain material has gone into his building, and where he admits in his answer that the accounts filed by plaintiff contractor, in suit to enforce mechanic's lien, were for materials that were used in the building, he is not in a position to take advantage of fact that plaintiff's account as filed was not properly itemized under the statute.

4. **APPELLATE PRACTICE: Exceptions not to be Shown by Supplemental Abstract after Point Raised.** Where an abstract fails to show that an exception was saved and the point is made by respondent in his brief, the appellant comes too late in offering a supplemental abstract showing the exception.

Appeal from the Circuit Court of Crawford County.—
*Hon. W. E. Barton,* Judge.

AFFIRMED.

*Wm. R. Lay* and *J. R. Weinbrenner* for appellant.

*A. H. Harrison* and *Harry Clymer* for respondent.

FARRINGTON, J.—Plaintiff recovered judgment in the trial court against the defendant in the sum of

Hummel v. Field.

$968.30 as a result of a trial to the court sitting as a jury. The suit was based on an account alleged to have been made by the plaintiff in building a cottage for the defendant; the plaintiff being an architect and contractor. A mechanic's lien was filed with the circuit clerk and a judgment is asked enforcing the mechanic's lien against the property of the defendant.

The defendant made a defense, first, that the lien was not a proper lien, such as is required by the statute. Second, that the plaintiff had undertaken to build the cottage for a specified sum which, together with extras which had been ordered by the defendant, amounted to $3200, and then pleads payment of this amount with the exception of $33.06, which last amount was tendered in court. The answer sets up a counterclaim asking damages.

The balance on the account sued for was $1181.27, $400 of which is alleged to be due the plaintiff for his services and the balance amounts for which he as contractor was liable to firms who furnished material that went into the building of the defendant. The court allowed him in the judgment the amount of the claims for which he is liable and allowed his services for $200, making the amount of the judgment $968.30.

The defendant lost in the trial court on the defense that there was a special contract made for a certain amount for the building. The plaintiff's testimony tended to show that there was no contract for any particular amount, and that the defendant had from time to time ordered extras and was kept advised as to the amount the cost of the building was running, and plaintiff's evidence further showed that defendant ordered plaintiff to go ahead and put in the improvements and build the cottage as it was completed. The finding of the trial court on this issue precludes any consideration in this court where there is evidence tending to support that finding.

The next point made by appellant that the lien as filed does not comply with section 7221, Revised Statutes

1919, as being a just and true account, in that it fails to properly itemize the material which is alleged to have been furnished, for example, an item is shown as follows: "Feb. 9, 1922, Robert Judson Lumber Co. $500.;" "Feb. 22, 1922, Paid L. Yengst, painter, on account, $300;" "Mar. 17, 1922, Gravois Planing Mill, on balc. due, $287.60." This is a sufficient illustration to show that the account is not in the form as required under the statute. [See Planing Mill Co. v. Krebs, 193 S. W. 621; Graves v. Pierce, 53 Mo. 423; McMillan & Parker v. Ball & Gunning Mill. Co., 190 Mo. App. 340, 177 S. W. 315.] We, however, are of the opinion that defendant is not in position to take advantage of this defect in the account for the reason that in his answer on the counterclaim he pleads that there are unpaid bills for material that are charges against the building in favor of Louis Yengst of $89.19, Robert Judson Lumber Co. $480.16, Hy. Doerner $138.95, and to Geller, Ward & Hasner $60. By this allegation in the answer he admits that these accounts were for materials that were used in and went into this building, and for which his property is chargeable. The very purpose of the lien is to advise an owner that certain material has gone into his building and does it in such a way that it may be identified by him in his building. The insufficiency, therefore, of the lien is not a matter about which he can complain when he admits that the items entered into and went into his building and that he is chargeable with them. This statement, of course, is made with the fact in mind that the trial court had found the fact to be that he did not have a general contract for a specified sum with the plaintiff.

The appellant raises a question of practice which it is necessary for us to notice. We have gone through the record and dispose of the case on the merits, which we always prefer to do rather than to allow appeals to go off merely questions of practice; however, appellant has squarely raised the point and we feel bound to notice it. The abstract filed by appellant fails to show that

the appellant, defendant below, excepted to the ruling of the trial court on the motion for a new trial. Attention was called to this in respondent's brief and the point was argued orally. Appellant then forwarded a certified copy of the record made in the trial court showing that an exception was saved. In the case of Beckwith v. City of Malden, 253 S. W. 17, we held that this sufficiently cured the defect, and we would be inclined to still hold to that effect were it not for the fact that our attention has been called to the case of State ex rel. Peet v. Ellison, et al., 196 S. W. 1103, in which it is held that an amended abstract cannot be filed after the respondent has called attention to the fact and briefed it in the appellate court, citing as authority Harding v. Bedoll, 202 Mo. 625, 100 S. W. 638; Everett v. Butler, 192 Mo. 564, 91 S. W. 890. The Supreme Court upheld this ruling by the Kansas City Court of Appeals, and as our rule with reference to abstracts in this particular is identical with the rule of the Supreme Court, we will follow their ruling and hold that where an abstract fails to show that an exception was saved and the point is made by respondent in his brief the appellant comes too late in offering a supplemental abstract showing the exception. As shown in the Beckwith case, we changed our rule, No. 15, to conform to the Supreme Court rule, No. 13, after the submission of that case. The Beckwith case was properly decided because the first reason given for overruling the motion was that the exception was shown in the abstract of the record proper, which is sufficient; the second reason in that case is abandoned, and we will follow the Supreme Court decisions heretofore cited. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.